1
2
3
4
**UNITED STATES DISTRICT COURT**
5
**DISTRICT OF NEVADA**
6

7  UNITED STATES OF AMERICA,                    )
8                           Plaintiff,          )        Case No.  2:13-cr-00301-APG-CWH
                                                )
9  vs.                                          )        **ORDER**
                                                )
10  PAUL EDWARD DAVIS,                          )
                                                )
11                          Defendant.          )
   _____)

12          This matter is before the Court on Defendant Paul Edward Davis' Motion to Reconsider
13
Detention Order (#42), filed November 12, 2013, and the Government's Response (#44), filed
14
November 20, 2013.
15
                                  **BACKGROUND**
16
17          On July 31, 2013, Defendant Davis made his Initial Appearance on a complaint charging

18  him with (1) possession of controlled substance, methamphetamine, with intent to distribute in

19  violation of 21 U.S.C. § 841(a)(1) and (2) possession of a controlled substance, marijuana, with

20  intent to distribute in violation of 21 U.S.C. § 841(a)(1).[1]  After his initial appearance, the

21  Government moved for pretrial detention pursuant to 18 U.S.C. § 3142(f).[2]   Davis did not contest

22
23          [1] During Davis' Initial Appearance, the Court scheduled a preliminary hearing for August 14, 2013.
   However, on August 6, 2013, the Grand Jury returned an Indictment charging Davis with (1) possession of
24  methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (2) possession of marijuana
   with intent to distribute in violation of 21 U.S.C. § 841(a)(1).  Thus, the scheduled preliminary hearing was
25  vacated.  Defendant was arraigned on the Indictment on August 16, 2013.

26          [2] Based on the charges in this case, a rebuttable presumption was triggered "that no condition or
   combination of conditions will reasonably assure the appearance of the person as required and the safety of the
27  community."  *See* 18 U.S.C. § 3142(e)(3)(A).  "Although the presumption shifts a burden of production to the
   defendant, the burden of persuasion remains with the government."  *United States v. Hir*, 517 F.3d 1081, 1086
28  (9th Cir. 2008) (citation omitted).  Once rebuttal evidence is submitted, the court considers the four factors set
   forth in 18 U.S.C. § 3142(g) to determine whether pretrial detention is appropriate.  *Id.*  The factors are
   considered "only in terms of the likelihood that the person will fail to appear or will pose a danger to any person

1    any aspect of the Government's proffer and submitted to detention.  Based on the information and

2    arguments set forth in the detention hearing, the Court issued a detention order finding that Davis

3    was a serious risk of non-appearance and danger to the community.  *See* Order (#6).  In reaching its

4    conclusion the Court noted:

5            Based on the information as set forth in the government's proffer, as well as the
        information provided to the Court by Pretrial Services, the Court finds that the
6        defendant poses a substantial risk of danger to the community and a substantial
        risk of nonappearance.  The defendant's prior criminal history record reflects two
7        prior felony convictions and three prior misdemeanor convictions. On the advice
        of counsel, the defendant did not interview with Pretrial Services, accordingly, the
8        Court does not have information regarding the defendant's residence or residential
        history in this or any other community, family ties, employment history, financial
9        resources, mental or physical health, or whether the defendant uses or abuses
        controlled substances or alcohol. The Court finds there are no conditions or
10       combination of conditions that the Court could fashion at this time that would
        reasonably assure the defendant's appearance at future court proceedings,
11       accordingly, the defendant is ordered detained pending trial.

12   *Id*.  Thus, Davis was ordered detained pending trial.

13           Though styled as a motion to reconsider, the motion currently before the Court will be

14   treated as a request to reopen the detention hearing pursuant to 18 U.S.C. § 3142(f).  Davis' counsel

15   asserts that the undersigned should reconsider the prior detention order because: (1) Davis is not a

16   flight risk, (2) Davis is a productive member of the community of Topeka, Kansas, (3) Davis is

17   employed as a truck driver, and (4) Davis has a history of complying with court instructions.  Based

18   on this information, Davis argues that he is not a danger to the community and should be released

19   either on his own recognizance or subject to conditions. The Government opposes the motion,

20   arguing that the information presented is neither new nor material.

21                                          **DISCUSSION**

22           Pursuant to 18 U.S.C. § 3142(f), the court may reopen a detention hearing at any time prior

23   to trial if:

24       the judicial officer finds that information exists that was not known to the movant at
        the time of the hearing and that has a material bearing on the issue whether there are
25       conditions of release that will reasonably assure the appearance of such person as

26

27   or to the community." *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985).  Of the factors set forth
    in section 3142(g), the weight of evidence is the least important, as the statute "neither requires nor permits a
28   pretrial determination of guilt." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) (citations omitted).

1   required and the safety of any other person and the community.

2   Courts interpret this provision strictly. *E.g.*, *United States v. Ward*, 63 F.Supp.2d 1203, 1206-07

3   (C.D. Cal. 1999); *United States v. Dillon*, 938 F/2d 1412, 1415 (1st Cir. 1991).[3]   The rule requires

4   that the movant establish: (1) that information now exists that was not known to the movant at the

5   time of the initial detention hearing, and (2) the new information is material to release conditions

6   regarding flight or dangerousness. *See United States v. Bowens*, 2007 WL 2220501 (D. Ariz.)

7   (citing *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989)).  Generally, once a detention hearing is

8   reopened, "it is reopened for the purpose of the court's receiving any information, within reason,

9   not submitted at the original detention hearing."  *United States v. Barksdale*, 2008 WL 2620380, n.

10   3 (E.D. Cal.).  This allows new information to be considered in context.  *Id.*

11       The information presented by Davis is not new.  Davis' employment, ties to the community

12   of Topeka, Kansas, and history of complying with court instructions were known prior to the

13   detention hearing.  Nevertheless, the information was not presented during the initial hearing,

14   where Davis conceded the issue of detention.  Accordingly,

15       **IT IS HEREBY ORDERED** that Defendant Paul Edward Davis' Motion to Reconsider

16   Detention Order (#42) is **denied**.

17       DATED: November 22, 2013.

18

19

20   **C.W. Hoffman, Jr.**
     **United States Magistrate Judge**

21

22

23

24

25

26   [3]  The rationale for the rule is discussed in *United States v. Flores*, 856 F.Supp. 1400 (E.D. Cal. 1994).
27   "There are very few proceedings in federal practice which encourage a party to be less than diligent in bringing
     forth all material evidence the first time a hearing is held . . . . [a] rule that would not discourage a party for
28   failing to acquire readily available evidence for presentation the first time is a rule that encourages piecemeal
     presentations.  Judicial efficiency is not served by such a practice."  *Flores*, 856 F.Supp at 1406.