# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No. 2:13-cr-00301-APG-CWH |
| vs. ) | **REPORT AND RECOMMENDATION** |
| PAUL EDWARD DAVIS, ) | |
| Defendant. ) | |

This matter was referred to the undersigned on Defendant Paul Edward Davis' Motion to Dismiss Indictment (#21), filed August 19, 2013; the Government's Response (#26), filed August 30, 2013; and Defendant's Reply (#40), filed October 16, 2013.

## BACKGROUND

The motion was originally filed by Defendant's court appointed counsel from the Federal Public Defender's office. Before the motion was fully briefed, the Federal Public Defender filed a motion to be removed from the case, which was granted. *See* Order (#32).[1] During the hearing granting the motion to withdraw, Defendant's new counsel was instructed to meet and confer with the Government based upon the response (#26) filed by the Government. *See* Mins. of Proceedings (#31). Ultimately, Defendant filed a reply brief (#40) on October 16, 2013. Thereafter, the Court scheduled a hearing on the motion to dismiss for December 20, 2013. (#41). Prior to the scheduled hearing, Defendant filed a motion for reconsideration of his pretrial detention, which was

---

[1] This was actually the Defendant's second request to have the Federal Public Defender removed from his case. The first request was denied. *See* Mins. of Proceedings (#25) (oral order denying motion to withdraw (#22)).

denied. *See* Order (#46). After denial of his motion for reconsideration and the scheduled evidentiary hearing, Defendant filed several motions, including a motion that the undersign recuse or be disqualified and that Defendant be appointed new counsel. *See* Motions (#47), (#48), and (#50). The Court denied the motion to disqualify (#52) and denied the motion for new counsel in a hearing conducted on shortened time. *See* Mins. of Proceedings (#54).

Two days after the hearing, Defendant filed another motion to dismiss his counsel (#55), which demonstrated an increased level of hostility toward his appointed counsel and the Court. In light of the rhetorical escalation, the Court vacated the December 20, 2013 hearing on the motion to dismiss and scheduled a hearing on the motion for new counsel (#55). The request for new counsel was granted. *See* Mins. of Proceeding (#60). During the hearing, the Court noted that the motion to dismiss had been pending for some time and was now far removed from the attorney who originally filed it. Consequently, Defendant's new counsel was instructed to notify the Court by January 21, 2014 whether he intended to pursue the motion to dismiss. Defendant did not file a notification with the Court as instructed.[2] Shortly after the deadline for filing the notification, Defendant filed his sixth request for new court-appointed counsel (#64).

**A. Defendant's Motion to Dismiss (#21)**

The Court has been patient in waiting for notification regarding the pending motion to dismiss. The failure to notify the Court of any change in the circumstances surrounding the briefed motion to dismiss signals that the parties are content with the motion (#21) being decided on the record as presented in the briefing. The motion is straightforward. Defendant requests that the Indictment (#10) returned against him on August 6, 2013 be dismissed because Defendant's due process and Fourth Amendment rights were violated due to his unlawful detention for more than 48 hours without a warrant and without a sufficient probable cause determination. The motion is based on the events surrounding Defendant's arrest on July 27, 2013 and the subsequent complaint sworn to before the undersigned on July 30, 2013. (#1). Defendant contends that more than 48 hours passed between his arrest and a probable cause determination on the charges underlying

---

[2] Defendant did file a motion to suppress (#62) on January 16, 2014.

2

arrest and, therefore, the indictment should be dismissed under *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991).[3]

### B. Government Response (#26)

The Government's response is also straightforward. It claims that Defendant did appear before a state court judge on the charges underlying and supporting his arrest within 48 hours. Attached as exhibit B to the Government's response is a printout from the National Crime Information Center ("NCIC"). It appears to show that Defendant appeared before Justice of the Peach Ruth Kolhoss on July 29, 2013.[4] The Government contends that the attached documentation shows that there was a probable cause determination made on the allegations and evidence underlying the arrest. The Government states further that Defendant had an initial appearance in a timely manner as to the complaint (#1) in this matter as well.

### C. Defendant's Reply (#26)

Defendant concedes that he appeared before Justice of the Peace Ruth Kolhoss on July 29, 2013, but he contends that there was no probable cause determination. Instead, Defendant contends that he was simply informed that there were no charges pending against him and that he should be released. Defendant maintains that the indictment should be dismissed. Alternatively, Defendant requests that the motion be denied without prejudice to permit him to obtain video to support his contention regarding his video appearance before Judge Kolhoss.

### DISCUSSION

In *Gerstein v. Pugh*, 420 U.S. 103 (1975), the Supreme Court held that the Fourth Amendment's shield against unreasonable seizures requires a prompt judicial determination of probable cause following an arrest made without a warrant and ensuing detention. *County of*

---

[3] In *McLaughlin*, arrestees brought a class action lawsuit under 42 U.S.C. § 1983 alleging that the county violated the Fourth Amendment by failing to provide prompt judicial determinations of probable cause to persons arrested without a warrant. 500 U.S. at 47-48. The Court held that if the probable cause determination does not occur within 48 hours, the government has the burden of demonstrating the existence of a bona fide emergency or other extraordinary circumstance. *Id* at 57.

[4] The Officer's Report is identified as event number 130727-3973 and attached as exhibit A to the Govt's Response. This number corresponds to the citation number listed in the NCIC printout.

*Riverside v. McLaughlin*, 500 U.S. 44 (1991) established that "prompt" generally means within 48 hours of the warrantless arrest; absent extraordinary circumstances, a longer delay would violate the Fourth Amendment. *Powell v. Nevada*, 511 U.S. 79, 80 (1994) (citations omitted); *see* supra at n. 3. "The 48-hour requirement of *McLaughlin* is distinct from [Federal Rule of Criminal Procedure] 5(b)'s requirement that a complaint be filed 'promptly' after a warrantless arrest, although a complaint satisfying Rule 5(b), if filed within 48 hours after an arrest, also would satisfy the *McLaughlin* requirement." *United States v. Bueno-Vargas*, 383 F.3d 1104, 1107 (9th Cir. 2004). The Supreme Court has not specified a remedy for a *McLaughlin* violation, but the Ninth Circuit has held that evidence collected in violation of the *McLaughlin* rule may be suppressed as a result of the violation. *See Anderson v. Calderon*, 232 F.3d 1053, 1071-72 (9th Cir. 2000), *abrogated on other grounds by Osband v. Woodford*, 290 F.3d 1036 (9th Cir. 2002); *see also Thomas v. Clark*, 2010 WL 1817001 (C.D. Cal.).

There is no dispute that Defendant was arrested on July 27, 2013 as a result of a traffic stop. During the course of the stop, arresting officers found approximately 13,140 grams (28 pounds) of methamphetamine and 36,830 grams (81pounds) of marijuana in Defendant's vehicle. *See* Exhibit A attached to Resp. (#26). Consequently, Defendant was arrested and taken into custody. After his arrest the chain of events becomes less clear. Defendant claims there was not a probable cause determination made within 48 hours of his warrantless arrest, meaning the indictment against him should be dismissed. The Government contends that Defendant appeared on Monday, July 29, 2013, less than 48 hours after his arrest, before a Justice of the Peace who made a sufficient probable cause determination. Defendant does not dispute he appeared on July 29, 2013 before the Justice of the Peace. Review of the NCIC report attached to the Government's response appears to support the Government's position. The NCIC printout appears to correspond to the events described in the officer's report and specifically references the event number under which the report is identified. The NCIC report also appears to show that the Justice of the Peace, on July 29, 2013, determined there was probable cause to support charges for possession, sale, and trafficking in schedule I/II controlled substances. Consequently, it does not appear there was a violation of the *McLaughlin* rule in this matter.

Even assuming a *McLaughlin* violation, Defendant has submitted no support for the notion that the appropriate remedy is the dismissal of the indictment. As noted previously, the Ninth Circuit has held that the remedy for a *McLaughlin* violation is the suppression of evidence collected or obtained in violation of the *McLaughlin* rule. *See Calderon*, 232 F.3d at 1071-72. Here, Defendant has not identified any evidence obtained in violation of the rule. Indeed, the evidence supporting the warrantless arrest and the subsequent complaint was that evidence obtained as a result of the July 27, 2013 traffic stop. It was not evidence obtained after 48 hours had passed from the time of Defendant's arrest. Thus, suppression of that evidence is not warranted on the theory of a *McLaughlin* violation. Indeed, the exclusionary rule "is a 'prudential' doctrine[] created . . . to 'compel respect for the constitutional guaranty." *See Davis v. United States*, –U.S.–, 131 S. Ct. 2419, 2426, 180 L.Ed.2d 285 (2011) (citations omitted). The purpose of the exclusionary rule is to deter future constitutional violations and its operation is limited to situations where its purpose is most efficaciously served. *Id*. at 2426. "For exclusion to be appropriate, the deterrence benefits of suppression must outweigh its heavy costs." *Id*. at 2427. There is no benefit to dismissing an indictment or complaint for violation of the *McLaughlin* rule when the evidence in question was not obtained in violation of the rule.[5]

Based on the foregoing and good cause appearing therefore,

**RECOMMENDED**

**IT IS HEREBY RECOMMENDED** that Defendant Paul Edward Davis' Motion to Dismiss Indictment (#21) be **denied**.

**NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court on or before .** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that

---

[5] The Court further notes that evidence obtained during, and the circumstances surrounding, the July 27, 2013 traffic are the subject of a recently filed motion to suppress.

5

1 | (1) failure to file objections within the specified time and (2) failure to properly address and brief th
2 | objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues
3 | from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v.*
4 | *Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).
5 | DATED: January 28, 2014.

*[signature]*
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**