# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No. 2:13-cr-00301-APG-CWH |
| vs. ) | **ORDER** |
| PAUL EDWARD DAVIS, ) | |
| Defendant. ) | |

      This matter is before the Court on Defendant Paul Edward Davis' Motion for Recusal (#109), filed May 6, 2014, and the Government's Motion to Strike (#111), filed May 8, 2014. Defendant Davis did not submit the motion for recusal through his appointed counsel in violation of Local Rule IA 10-6(a), which provides that "[a] party who has appeared by attorney cannot while so represented appear or act in the case." The Government asks the Court to strike Davis' motion for failure to submit it through his appointed counsel. The Court agrees that the motion is not authorized by the rules, but will exercise its discretion and address the motion.

      Proclaiming that the case against him "is a joke" and has "no foundation," Defendant Davis asks that the undersigned recuse himself or otherwise be removed from the case. The basis for the request is Davis' belief that the undersigned has engaged in "obvious discrimination and pure denial." The sole basis of the alleged discrimination and denial is that the undersigned recommended that Davis' motion to suppress evidence (#62) be denied. He further states his belief that the reasons for the recommendation is to "force him to take a deal," something he indicates he will never do. Davis offers no other basis outside of his disagreement with the undersigned's recommendation (#102) to support his request for recusal.

      "A judge is required to disqualify himself if his impartiality might <u>reasonably be questioned</u>, or if he has a <u>personal bias or prejudice for or against a party</u>." *Hasbrouck v. Texaco,*

*Inc.*, 842 F.2d 1034, 1045 (9th Cir. 1987) (citing 28 U.S.C. §§ 455(a), 455(b)(1)) (emphasis added). There are two federal statutes that address recusal: 28 U.S.C. §§ 144 and 455. Though the substantive test for bias or prejudice is identical under both statutes, the procedural requirements differ. *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).

Pursuant to 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The legal sufficiency of a motion under section 144 is determined by the judge against whom recusal is sought. *United States v. Azhocar*, 581, F.2d 735, 738 (9th Cir. 1978). Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to "proceed no further" in the case. *Id*. (citations omitted). The affidavit must "state facts and reasons which tend to show personal bias and prejudice regarding justiciable matter pending and must give support to the charge of a bent of mind that may prevent or impede impartiality or judgement." *Hussein v. University and Community College System of Nevada*, 2010 WL 3385298 (D. Nev.) (citation omitted). The facts alleged must be "sufficient to convince a reasonable man" of the judge's actual bias or prejudice. *Id*. (citation omitted). There is no basis for recusal here. Plaintiff has not submitted the required affidavit of prejudice. Therefore, any request for recusal under section 144 is improper. *See United States v. Perry*, 1990 WL 43730 (D. Nev.) (the affidavit filed pursuant to section 144 must allege specific facts that fairly support the contention that the judge exhibits bias or prejudice that stems from an extrajudicial source).

Section 455, unlike section 144, sets forth no procedural requirements. It is directed to the judge and is self-enforcing on the part of the judge who must recuse himself if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *See United States v. Sibla*, 624 F.2d 864, 867-68 (9th Cir. 1980). Section 455 (a) and (b) provide separate, but overlapping bases for recusal. Subsection (a) is broad, requiring recusal "in any proceeding in which [a judge's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In contrast, subsection (b) is narrower, requiring recusal only under specific, identifiable

circumstances. 28 U.S.C. § 455(b)(1-5).[1]

Recusal is appropriate when "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1044 (9th Cir .2008) (quotation omitted). The source of any alleged bias must be extrajudicial. *Liteky v. United States*, 510 U.S. 540 (1988). Unless the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible," judicial bias or prejudice formed during current or prior proceedings is insufficient for recusal *Id*. at 541; *Pesnell*, 543 F.3d at 1044. Judicial rulings will only support a motion for recusal "in the rarest of circumstances." *Liteky*, 510 U.S. at 555; *United States v. Chischilly*, 30 F.3d 1144, 1149 (9th Cir. 1994). Although a judge must recuse himself from any proceeding in which any of the above-noted criteria apply, he must not simply recuse out of an abundance of caution when the facts do not warrant recusal. Rather, there is an equally compelling obligation not to recuse where recusal in not appropriate. *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) ("We are as bound to recuse ourselves when the law and facts require as we are to hear cases when there is no reasonable factual basis for recusal."); *see also United States v. Sierra Pac. Indus.*, 759 F.Supp.2d 1198, 1200–01 (E.D. Cal. 2010).

Here, as with Davis' claim under section 144, there is no factual basis to question the undersigned's impartiality in this case. The sole basis for the requested recusal is Davis' disagreement with orders and recommendations entered by the undersigned. There are no circumstances here that would support recusal on that ground. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). The undersigned's orders throughout this case have been decided fairly and impartially after a thorough review of all relevant evidence. Additionally, the undersigned's conduct during hearings has been supported by controlling authority, focused on providing a determination on the

---

[1] These circumstances include when a judge: (1) has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; (2) has served as a lawyer in the matter in controversy when in private practice; (3) has served in government employment and in such capacity participated in the case; (4) knows that he or a family member has a financial interest in the case; or (5) when he or a family member is a party to the suit.

1  merits of the motion, and Davis has been able to file motions for reconsideration or objections.
2  Simply put, Davis has failed to identify any legitimate ground for recusal.  None of Davis' motions
3  have been decided based on extrajudicial considerations, and the undersigned has no personal bias
4  or prejudice for or against either party in this matter.  Accordingly, the undersigned concludes that
5  recusal is not warranted under either section 455(a) or section 455(b).

6  Based on the foregoing and good cause appearing therefore,

7  **IT IS HEREBY ORDERED** that  Defendant Paul Edward Davis' Motion for Recusal
8  (#109) is **denied**.

9  **IT IS FURTHER ORDERED** that the Government's Motion to Strike (#111) is **denied as**
10  **moot**.

11  DATED: May 12, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**