UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>PAUL EDWARD DAVIS,<br><br>                              Defendant. | Case No. 2:13-cr-00301-APG-CWH<br><br>**ORDER DENYING MOTION TO REOPEN DETENTION HEARING** |

On May 6, 2014, defendant Paul Edward Davis filed a motion [Dkt. #108] to reopen his detention hearing. The Government opposes the motion. (Dkt. #118.)

On July 31, 2013, Magistrate Judge C. W. Hoffman, Jr. entered an Order of Detention as to Mr. Davis. (Dkt. #6.) On September 25, 2013, Mr. Davis personally filed a motion to re-hear that determination. (Dkt. #35.) Judge Hoffman denied that motion because it was not filed by counsel. (Dkt. #37.) On November 12, 2013, Mr. Davis's then counsel filed a motion to reconsider the detention order. (Dkt. #42.) The Government opposed that motion, and on November 25, 2013 Judge Hoffman denied the motion. (Dkt. #46.) Mr. Davis has switched counsel more than once since then, and his present counsel filed the instant motion.

A defendant ordered detained by a magistrate judge may file a motion for revocation or amendment of the order. 18 U.S.C. § 3145(b). The district judge reviews a magistrate judge's detention order de novo. *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). "The district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist." *Id.* at 1193. Instead, "[i]t should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id.*

I have conducted an independent, de novo review of Judge Hoffman's Order denying Mr. Davis's motion to reconsider his earlier detention order. (Dkt. #46.) I also have reviewed Judge

Hoffman's initial Detention Order Pending Trial (Dkt. #6) and the parties' respective briefs. I find that Judge Hoffman's findings and conclusions are correct. Moreover, Mr. Davis has not presented any new information that was not known to him at the time of the detention hearing, let alone new information that has a material bearing on the issue of whether there are conditions of release that will reasonably assure his appearance and the safety of the community. 18 U.S.C. § 3142(f). To the contrary, Mr. Davis's subsequent actions in connection with this litigation (particularly related to his interactions with his attorneys and the court), as detailed in the Government's opposition to the motion (Dkt. #118 at 5:1-12), confirm the need to keep him detained. Thus, there is no basis to reopen the detention hearing.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Reopen Detention Hearing (Dkt. #108) is DENIED.

Dated: June 12, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

2