## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No. 2:13-cr-00301-APG-CWH |
| vs. ) | **ORDER** |
| PAUL EDWARD DAVIS, ) | |
| Defendant. ) | |

   This matter is before the Court on the following motions: Defendant's Motion to Proceed In Forma Pauperis (#148), filed August 4, 2014; Defendant's Motion to Reopen Detention (#149), filed August 4, 2014; Defendant's Motion to Represent Himself (#150), filed August 4, 2014; Defendant's Motion for New Trial Date (#151), filed August 4, 2014; and the Government's Motion to Strike (#152), filed August 6, 2014.

**1. Defendant's Motion to Proceed In Forma Pauperis (#148) and Motion to Represent Himself (#150)**

   "The Sixth Amendment's guarantee of the assistance of counsel is unusual among constitutional rights in that it is also implicitly a guarantee of its opposite, the right to refuse the assistance of counsel." *Faretta v. California*, 422 U.S. 806, 819 (1975). To invoke the right to self-representation, a defendant must make a request that is "timely, not for purposes of delay, unequivocal, voluntary, [and] intelligent." *United States v. Maness*, 566 F.3d 894, 896 (9th Cir. 2009) (per curiam). A request to represent oneself may be conditional, so long as it is unequivocal. *United States v. Mendez-Sanchez*, 563 F.3d 935, 946 (9th Cir. 2009) ("A conditional waiver can be stated unequivocally, as for example when a defendant says in substance: 'If I do not get new counsel, I want to represent myself.'"). A request to represent oneself with the guaranteed aid of

stand-by counsel is not unequivocal.[1]  *Mendez-Sanchez*, 563 F.3d at 946 (determination not to permit defendant to represent himself as long as "different" lawyer help him was not unequivocal); *see also United States v. Salemo*, 81 F.3d 1453, 1460 (9th Cir. 1996) (finding that the defendant did not waive his right to counsel and assert his right to self-representation when he asked for standby counsel and that standby counsel be compensated); *United States v. Kienenberger*, 13 F.3d 1354, 1356 (9th Cir. 1994) (finding that defendant's request to represent himself with standby counsel is not sufficient to knowingly and voluntarily relinquish the right to be represented by counsel).

Though filed as two separate motions, these are, in fact, the same request except that Defendant's motion (#148) was filed through his appointed counsel and motion (#150) was not. By way of the motions, Defendant appears to request that he be permitted to represent himself.  The request, though conditional, is not unequivocal.  Defendant clearly indicates that he will only represent himself so long as the Court provides a "private investigator, as well as an assistant lawyer" other than the lawyer currently appointed to represent him.  The Ninth Circuit has repeatedly held that a request to waive the right to counsel in favor of the right to self-representation is neither unequivocal, knowing, nor voluntary when the defendant demands appointment of standby counsel.

**2. Defendant's Motion to Reopen Detention (#149)**

Defendant's motion to reopen detention was not filed through his appointed counsel and could be denied on those grounds alone.  *See* Local Rule 10-6(a) ("A party who has appeared by attorney cannot while so represented appear or act in the case.").  Nevertheless, the undersigned has reviewed Defendant's motion to reopen on its merits and it will be denied.  Pursuant to 18 U.S.C. § 3142(f), the court may reopen a detention hearing at any time prior to trial if:

> the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

---

[1] "'Standby' counsel refers to the situation where a pro se defendant is given the assistance of advisory counsel who may take over the defense if for some reason the defendant becomes unable to continue." *Locks v. Sumner*, 703 F.2d 403, 407 n. 3 (9th Cir. 1983).

Courts interpret this provision strictly. *E.g.*, *United States v. Ward*, 63 F.Supp.2d 1203, 1206-07 (C.D. Cal. 1999); *United States v. Dillon*, 938 F/2d 1412, 1415 (1st Cir. 1991).[2] The rule requires that the movant, whether prosecutor or defendant, establish: (1) that information now exists that was not known to the movant at the time of the initial detention hearing, and (2) the new information is material to release conditions regarding flight or dangerousness. *See United States v. Bowens*, 2007 WL 2220501 (D. Ariz.) (citing *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989)). Generally, once a detention hearing is reopened, "it is reopened for the purpose of the court's receiving any information, within reason, not submitted at the original detention hearing." *United States v. Barksdale*, 2008 WL 2620380, n. 3 (E.D. Cal.). This allows new information to be considered in context. *Id*.

None of the of the information presented is new or material. The motion is a restatement of Defendant's disagreement with the initial decision that he be detained pending trial and subsequent denial of his first motion to reopen the detention hearing. *See* Order (#129).

**3. Defendant's Motion for New Trial Date (#151)**

Defendant's motion for a new trial date will be denied as it is currently submitted because it was not filed through Defendant's appointed counsel. *See* Local Rule 10-6(a).

**4. Government's Motion to Strike (#152)**

Given the decisions on the foregoing motions, the Government's motion to strike is now moot.

Based on the foregoing and good cause appearing,

**IT IS HEREBY ORDERED** that Defendant's Motion to Proceed In Forma Pauperis (#148) is **denied**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Represent Himself (#150) is **denied**.

---

[2] The rationale for the rule is discussed in *United States v. Flores*, 856 F.Supp. 1400 (E.D. Cal. 1994). "There are very few proceedings in federal practice which encourage a party to be less than diligent in bringing forth all material evidence the first time a hearing is held . . . . [a] rule that would not discourage a party for failing to acquire readily available evidence for presentation the first time is a rule that encourages piecemeal presentations. Judicial efficiency is not served by such a practice." *Flores*, 856 F.Supp at 1406.

1      **IT IS FURTHER ORDERED** that Defendant's Motion to Reopen Detention (#149) is **denied**.

**IT IS FURTHER ORDERED** that Defendant's Motion for a New Trial Date (#151) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that the Government's Motion to Strike (#152) is **denied as moot**.

DATED: August 18, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**