**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:13-cr-00301-APG-CWH |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO REOPEN DETENTION HEARING** |
| v. | |
| PAUL EDWARD DAVIS, | **(Dkt. #203)** |
| Defendant. | |

On September 4, 2014, defendant Paul Edward Davis filed a motion (Dkt. #203) to reopen his detention hearing. The Government opposes the motion. (Dkt. #204.)

On July 31, 2013, Magistrate Judge Hoffman entered an Order of Detention as to Mr. Davis. (Dkt. #6.) On September 25, 2013, Mr. Davis personally filed a motion to re-hear that determination. (Dkt. #35.) Judge Hoffman denied that motion because it was not filed by counsel. (Dkt. #37.) On November 12, 2013, Mr. Davis's then counsel filed a motion to reconsider the detention order. (Dkt. #42.) The Government opposed that motion, and on November 25, 2013 Judge Hoffman denied the motion. (Dkt. #46.) Mr. Davis filed another motion to reopen the detention hearing (Dkt. #108), which I denied because Mr. Davis presented no new material information that was not known to him at the time of the initial detention hearing, and because Mr. Davis's conduct in connection with this litigation confirmed the need for detention. (Dkt. #129.) Mr. Davis again moves to reopen his detention hearing based on: (1) the Government's filing of expert witness notices and a superseding indictment, (2) evidence that Mr. Davis was employed at the time of his arrest and that he still has employment with the same company, and (3) evidence that Mr. Davis made all court appearances in a prior federal case despite facing a potentially lengthy sentence.

A defendant ordered detained by a magistrate judge may file a motion for revocation or amendment of the order. 18 U.S.C. § 3145(b). The district judge reviews a magistrate judge's

detention order de novo. *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). "The district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist." *Id*. at 1193. Instead, "[i]t should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id*.

Reviewing the present motion de novo, Mr. Davis has not presented any new information that was not known to him at the time of the initial detention hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure his appearance and the safety of the community. 18 U.S.C. § 3142(f)(2). His employment and his record of appearing for court proceedings during the prior federal case are facts that were known to him at the initial detention hearing. The Government's expert witness notices and the superseding indictment, even if new, are not material to the issue of whether there are conditions of release that will reasonably assure Mr. Davis's appearance and the safety of the community. As I stated in my prior Order, Mr. Davis's actions in connection with this litigation confirm the need to keep him detained. Thus, there is no basis to reopen the detention hearing.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Review of Detention (Dkt. #203) is DENIED.

Dated: November 25, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE