# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA,

                    Plaintiff,

    v.

PAUL EDWARD DAVIS,

                    Defendant.

Case No. 2:13-cr-00301-APG-CWH

**ORDER**

The court received the attached filing by defendant Paul Edward Davis.  It is unclear from the filing whether defendant intends this document to be a direct appeal of his criminal conviction or whether it is intended to be a motion under 28 U.S.C. § 2255.  If it is meant to be a notice of his direct appeal, it is redundant to his prior notice of appeal. (*See* Dkt. #265.)  If it is meant to be his appellate brief, I am granting his request for appointment of counsel on appeal (Dkt. #269).  Defendant should consult with his attorney about what issues to present on his direct appeal.  If it is meant to be a motion under § 2255, I dismiss it without prejudice as premature because his direct appeal is pending in the Ninth Circuit. *Feldman v. Henman*, 815 F.2d 1318, 1320 (9th Cir. 1987) ("A district court *should not* entertain a habeas corpus petition while there is an appeal pending in [the court of appeals] or in the Supreme Court" because the direct appeal may render the petition moot).  "[F]ederal prisoners must exhaust appellate review prior to filing for habeas relief in the district court." *United States v. LaFromboise*, 427 F.3d 680, 686 (9th Cir. 2005).  Consequently, to the extent this filing is meant to be a § 2255 motion, I dismiss it without prejudice to refiling it upon exhaustion of his direct appeal.

IT IS SO ORDERED.

Dated:  June 11, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

Date 5-11-15

United States Court of Appeals

Page ① ②

for the    for CASE NO:

U.S.

Ninth Circuit    2:13-CR-00301-CWH-APG

VS.

PAUL E. DAVIS

Direct Appeal    Motion: Appeal under 28 U.S.C. § 2255.

Brief: The Appellant is filing an Appeal under 28 U.S.C. § 2255.

FILED / ENTERED    RECEIVED / SERVED ON

COUNSEL/PARTIES OF RECORD

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAY 18 2015

MAY 18 2015
27

Direct
Appeal
motion:

FILED _____

DOCKETED _____

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY: _____ DEPUTY

The Appellants Criminal case appeal is Similar to his Civil case Appeal, CASE NO: 15-15291, from Case No: 2:14-CV-00679-APG-VCF, See Exhibit A and ② which explains everything. The Appellant was pulled over on the 26th of July which legally holds no barings. Reason being is, that the Appellant was never Sanctioned nor servailed. The Court used the first Stop as a motive for the Officers pulling the Appellant over on the 27th, of July, which clearly Supports the Appellants Profiling Claim. The Officers knew who was in the red Tahoe! The Officers Stated in Trial and at the April 20th, 2014 Suppressant Hearing that their motive was that the Appellant was going the opposite Direction, which is clearly Profiling!!! Reason being is, nothing took place on the previous Stop, nor was any action taken. The Dash cam clearly Shows that the Appellant is trailing a Semi-Truck at 73-74 mPH, The Officer/Trooper Brosnahan had to speed up to 78-80 mPH to ~~~~ catch up to the Appellant. If the Appellant was traveling the Same Speed there is no way geographically that the Trooper Could had caught up to the Appellant so quickly, being 3/4 of a mile behind the Appellant. The Appellant is a trained, Over the road, professional Truck Driver, with a clean Driving record! See Exhibits ① and ②, and D①. In the Criminal Complaint, Trooper Brosnahan Confirmed that she Clocked the Appellant at 78 mPH under Via Radar. See Exhibit B①, which was never produced at the April, 20th, 2014 Suppressant Hearing nor at the Dec. 1st, 2014 Trial. Trooper Brosnahan later at Trial on Dec. 1st Confessed that She would have pulled the Appellant over regardless wheather he was Speeding or not, which is in clear violation of the Appellants 4th Amendment rights. This also means that the Trooper would lie about the Stop and

the Smell of marijuana (the illegal search). A Drug sniffing Dogg was brought to the Scene, Which delayed the illegal Search. Reason being is, if the officer/Trooper had smelled fresh marijuana there would have been no need for a Dogg! the search would have begin. The Dash Cam Clearly shows the inconsistancies of the Troopers Claim that she smelled marijuana funning from the Appealants Truck. One, the Delay of the illegal Search. TWO, the lack of reaction from the Dogg With the Hatch of the Truck Wide open, and also with the Dogg standing over the proclaimed Contraband. If the Truck and the bags was funning, no Way would a Drug Sniffing Dogg remain calmly, and lead an Officer Franton away from the Crime Scene, the Dogg would go Crazy! the Officer would have to restrain the Dogg. This Officer misConduct is in Violation of the Appealants 14th Amendment rights, illegal Search and procedure. For Some reason, the Appealants Attorney's in his Suppress-ant Hearing on April 20th, 14 and at his Trial on Dec. 1rst, 14 refused to call a Dogg expert, Which is Clear ineffective assistance of Counsel. The Troopers Audio was left off intentionally to prevent the Sound of a Dogg Alert, as well as the Statements made by the Appealant and the Officers. See Exhibits ②③. Also, On April 21rst, 15, the Supreme Court passed a law giving officers a time limit on arrival of a Sniffing Dogg. The Dash Cam will Clearly Show that the Officers left the Appealant pulled over in his Truck for over Ten min. before pulling him out illegally to queston him. Even if the Appealant had been Speeding, it takes a lot less than Ten min. to right a Citation, and send him on his way. the Dogg was not in Clear view untill the Appealant was well out of his Truck. leaving the body Audio off intentionally or accidently is in Violation of U.S. vs. Cooper 983 F.2d 928 (9th Cir. Cal 1993). Once the Appealant was placed under arrest and put into handCuffs, the Dash Cam Will Clearly Show that the Appealant was under arrest for Sometime before his Miranda rights was read to him. This is in Violation of the Appealants 5th Amendment rights. The Appealants Miranda rights injustice was nev-er raised by any of his Attorney's, see Exhibits ②①-④. Nor was the issue raised in his Suppressant Hearing or in his Trial. The Dash Cam and evidential Photo's and DVD's reveal no Clear proof evidence on the Crime Scene. All of the evidence DVD's are suppose to be available to the Appealant through his Discovery, so that he is aware of what he is up against, and what the prosecutor is relying upon. The evidence DVD's

Continued   Page ③   ④

for Case No: 2:13-CR-00301-CWH-APG

Clearly show that the Officers never showed the Appealant <u>what he was arrested for</u>, nor did they show <u>what kind of Drugs</u> they had <u>retrieved</u> or <u>field tested</u>. This Officer misconduct is in violation of <u>U.S. vs. Bauerto</u>. The DVD of the Stop and Search <u>DVD No: 2</u> was not made available to the Appealant untill his Suppressant Hearing, <u>Nine months after his Discovery</u>. This was the Only DVD used at the Suppressant Hearing. I had previously advised my Attorney Mr. Terrence M. Jackson that I wanted all of the evidence suppressed, because I expected foul play. In the Suppressant Hearing on April 20th, 14, Only ⅓ of the DVD No: 2 was suppressed. This injustice and <u>ineffective assistance of Counsel</u> was done to deprive the Appealant <u>of his Due Process rights</u>. At the conclusion of the Suppressant Hearing, the Magistrate Judge clearly asked the Prosecutor Ms. Amber Craig, <u>is that all you have?</u> She replied <u>yes</u>. At a Suppressant Hearing, every piece of evidence is suppose to be brought to the table. Yet, to deprive the Appealant of <u>his Due process rights</u>, the Government, as well as the Appealants Attorney's have chose <u>to withhold DVD's from the Appealant</u>, which is withhold <u>exculpatory evidence</u>. The field (test) was never suppressed nor revealed to the Appealant untill the Day before his Trial Nov. 30th, 14. This was done intentionally <u>to violate the Appealants Due Process rights</u>, and to try to get him to <u>break or take a deal</u>. Because of the injustice, the Appealant fired Mr. Jackson, see Exhibit Ⓔ①. The Appealant has fired several Attorney's because the Attorney's have tried to mislead him, and have refused to show him the improper field test DVD No: 3, see Exhibits Ⓔ①, Ⓗ and Ⓖ. ▆▆▆▆ The Appealant has also tried to fire his current Attorney Mr. Chris T. Rassmusen on several occasions because of the same issues. See Exhibits Ⓗ①-④. Reason being is, <u>Why should any Defendant have to force his Defense Attorney to focus, suppress, or show the evidence?</u> Exhibits Ⓖ①-④ will clearly show that the Attorney never mentioned the Field test evidence, nor DVD. DVD no: 3 shows that <u>the Officers never showed their work</u>. The Officers took three Cell Phone's from the Appealant, all three were in the Appealant's name! Mainly one that was to his job, see Exhibit Ⓓ②. The prosecutor felt that the phones would hurt the Officers rather than help them, because <u>there was no foul play</u> found in neither phone, just <u>the Appealant and his Trucks, Traveling</u>. The Government Conducted a fingerprint test, none was the Appealant's. see

Exhibits (E) and (2). The Appellant knew that his Attorney was selling him out, and working with the Prosecutor, but he was treatened by the Judge that Trial would be held without him! So therefore, the Appealant moved foward. The Appellant wanted to represent himself, see Exhibits (E2) and (H3). Exhibit (E1) will clearly show that the Attorney Mr. Rassmussen never intended on Challenging the improper field test DVD, and the Officers lack of evidential proof, (a evidential hearing). However, the Appealant chose not to represent himself in fear that the court would take full advantage of him, which they did anyway. Despite the lack of evidence, the Appealant was unjustifiably denied multiple evidential Hearings. See Exhibit (G). This misconduct was done to illegally bind the Appealant over for Trial, so that he could be railroaded/Cheated! Which he clearly was. The Prosecutor Ms. Amber Craig did not lab test the alledged Contraband untill August, 14. the alledged Drugs was never show on the crime Scene, nor in Police Custody. At the Trial on Dec. 1st and 2nd, 14 a Jury was selected, and mis-instructed by the Judge Andrew P. Gordon. Mr. Gordon instructed the Jury of possession beyound a reasonable doubt, when if the Officers would have shown their work (whats the reasonable Doubt?) Mr. Gordon deprived the Appealant of a faire and just Trial through his instructions, when the law is if a stop and Search is disputable the Judge should instruct the Jury of the Despute. Mr. Gordon allowed for Officer Robichaud to leave the Court for an hour to bring bags that were not shown with the Contraband that was from the Crime Scene, but not Shown with the Drugs in the Court room. This is foul play! The Appealants Attorney raised no arguement to this misconduct, nor did he call a Dogg expert to Challenge the Officer Framptons unuseual Dogg allert Testimony, despite the fact that the Dash Cam Clearly Shows that the Dogg never allerted. Mr. Rassmussen never challenged the Judges instructions, nor the prosecutors Closing arguement that the Appealants 4th and 14th Amendment rights, (the Stop and Search) were never instructed to the Jury and said to be a destraction to the prosecutor Ms. Amber Craig. The Appealant was Clearly Sold out by his Attorney, and rail-roaded in Trial. After the Trial, the Appealant Chose to prepare his own Direct appeal because of District Court injustice. See Exhibit (H4). The Appealant was on Supervised release when he was arrested, yet kansas Chose not to Violate him, see Exhibits (I) and (J). Kansas should have legally Violated the Appealant once he was into State Custody, yet they never did, cause

Continued
Page ⑤                    for Case No: 2:13-CR-00301-CWH-APG

they never knew, untill he was into Fed. Custody. See Exhibit I ⓒ that
explains clearly that the Officer Robichaud never contacted the parole
officer, he was not contacted untill the Indictment was handed down. See
Exhibit I ⓒ. The Officer has 35 days to file a Violation and 72 hours
to come pick up his Client, he never did. The state of Kansas has to
serve the Appealant with-in 35 Days, which was never done! therefore,
how can the Appealant be Violated? The Kansas Supervised release was
unconstitutional anyway. The Appealant was sentenced to 210 months
with 10 years supervised release in Oct. 2000, see Exhibits ① and ②. In
2011, he was released (due to a Crack law reduction to 96 months). There-
fore, legally his parole should have been reduced also to 3-5 years super-
vised release. With the Crack law reduction, the Appealants Out date
should have been May 1rst, 08. Yet he was not released untill Nov. 1rst, 11.
3½ years later! which he should have received credit for, yet he did not.
Kansas took full advantage of the Appealant!!! Because of the 3½ years extra,
incarcerated, the Appealant should have been released in Nov. 1rst, 11 with
very little to no Supervised realease. The Appealants parole was unlawfully
transferred to Nevada without his consent, nor say-so. On Feb. 5th, 15
Judge Mahan Sentence the Appealant to 60 months for the Bogus Viola-
tion, which is well over the the guideline provision 36-47 months. That is
also in Violation of Gregory-Grimaldo vs. U.S., and Booker-Fan-Fan. On May
6th, 15. the Appealant was finally sentence to the high end of his Guidlines
of 295 to 365 (mo) because (he) refused to allow for the Courts to rail-road him
peacefully. With all of the District Court injustice finaly at a end, the
Appealant is seeking justice and the proper relief from the Court of App-
eals. The Appealant had previously warned the Court of the District
Court injustice, see Exhibits ① and ②. This Case that is being appealed has
no foundation !!! This is why the prosecutor came with a too good to be
true, sweet deal, see Exhibits ⓡ ② and ②. The District court chose to
cheat the Appealant, all of the witness's testified in court that they
never testified at a Grand Jury Indictment Hearing, nor did they
know one. The Appealant is wondering how did the prosecutor
get a Grand Jury Indictment? There has to be foul play from the court
of Nevada. Due to the obvious injustice, the Appealant is seeking from
the court of Appeals, for his case to be Overturned, with immediate
release, without Supervised release.  Paul E. Davis
                              Appealants Original Signature

for Case # 2:13-CR-00301 APG-CWH    Date: 2-20-15    Case # 2:14-CV-00679-APG-VCF

Exhibit (A) for Case No: 15-15291

Hello,

My name is Paul E. Davis #07895-031, here at CCA in Pahrump, NV. I am currently being prosecuted for a Drug Trafficing Case # 2:13-CR-00301-CWH-APG. My case is a High Profiled 1.7 million Dollar case, Yet, for some strange reason!!! my case has not been placed in the media. I was convicted of two counts of trafficing meth. and Marajuana on Dec. 2nd, 14. I believe that my case was held out of the media so that the court could "railroad me," which they clearly did!!! The court forced me to go to Trial with a sell-out Attorney, who poorly represented me. I was illegally Stopped on I-15 North bound on July 27th, 13, and searched illegally by Metro and State Troopers. The evidence videos clearly supports my claims. Yet, my Attorney's and the Court has denied me an Evidential Hearing, because they knew that they would have to drop the case. My case should have never been put infront of a Jury. I have replaced (5) five Attorneys for poor representation in my limited Surpressant Hearing that was held April 20th, 14. A hearing where I was deprived of my due Process rights. My Attorney refused to surpress the evidence, especially the poor field Test!!! Where there was never, ever any meth. or Marijuana revealed. The Officers appeared to be testing a mysterious brown shopping bag, that was never, ever seen on the Crime Sceane. I was denied bond despite the fact that I produced evidence that I am not a flight risk. This was done by the court even though the prosecuter and Several of my Attorney's was proven to be lieing to keep me from receiving a fair Detention hearing." I believe it was done to see if I would break!!! The Officer who pulled me over Stated in Trial, under oath, that "She would have pulled me over no matter what." This explains why she lied, and said that she smelled Marajuana fuming from my truck, "which she never did." The Dogg in the video never, ever allerts. Yet, for some strange reason all of my Attorney's refuse to present a Dogg expert! in my Surpressant Hearing or my Trial. These were sell-out tactics by the Court to make me break!!! If I would not have kept the Sell-out Attorney, the court treatened me to hold the Trial without me being present. Both Judges denied me a new evidential Hearing, despite the fact that I requested them to view the evidence. At Trial, the prosecuter lead the Jury, never did my Attorney argue my constitutional rights, or my 4th and 14th Amendment rights. Despite poor police conduct, and lack of evidence, I was clearly "railroaded" in this case to see if I become an Informant. I would like for "this Orginazation" to take a close look at my case, and investigate it thoroughly!!! "For some reason, this case is being hidden from the media," I suspect foul play." I also have a Civil-Suit Pending, Case # 2:14-CV-00679-APG-VCF. "I am clearly being disrespected."

At my Trial, all of the witnesses stated on stand that they never, ever testified at a Grand Jury Hearing. Therefore, how did the Prosecuter get an Indictment? The Indictment was never signed, take makes the Indictment "a Bogus Indictment." All of my sell-out Attorney's knew all of this misconduct by the court, and chose not to properly defend me. It is a shame that the court here in Las Vegas, NV. force sell-out Attorney's on defendants who can't afford legal representation. Therefore, the court will clearly railroad defendants! Which is cruel and unfair to the constitutions of this Country. It is sad that I will have to say that "how can the court set a good example for society? if they have to cheat and lie on defendants in the court of law? If you take a look at the evidence video, you will see that "I am clearly not speeding." the Trooper had to accelerate her speed to 78-80 mph to close in on me because I was 3/4 of a mile ahead of her. I had my cruze control set at 73 mph, plus I was pacing behind a semi, I am a professional Truck Driver with a clean driving record, "I am trained to do that." Therefore, Why would or could I be speeding "with a lot of alledged contraband", pacing another semi? It dont make sense!!! "I was stopped illegally." I believe that the court and the prosecuter instructed all of my Attorney's to not send me nor let me view the evidence videos, so that I would either take a Deal or Break. The first video was not sent to me to defend untill (11) month's of me being incarcerated. The second video was not revealed to me untill the day before my Trial begin. My Trial Attorney did this intentionally to deprive me of an evidential hearing and my Due process." This case should have never, ever been presented to a Jury!" The evidence video will also show that the Trooper left her Audio turned off intentionally so that she could make lies and false statements. This is all in violation of U.S. vs Cooper, a case law that my Attorney's refused to submit, "because they were selling me out." U.S. vs Baverto states that officers failed to show their work on the Crime Sceane, this means that there was a ineffective Chain of Custody. The evidence Video will clearly show that no Drugs "mainly Meth." Was shown on the Crime sceane. The alledged Drugs was never revealed untill (14) month of me being Detained. The prosecuter did not turn the lab results in within (30) days of the Original Trial Date. She also coached the Jury at Trial, by stating "that the speed, the dogg, and the Search and poorly field test was a Destraction." never did my Defense Attorney object, and "he only put up a (5) min. Closing Arguement." I was railroaded at Trial and in this Case. Question, Why is this Case not in the medias?

Jerald E. Davis    #0895-031

Case 2:13-cr-00301-APG-CWH   Document 272   Filed 06/11/15   Page 9 of 36
Case 2:13-cr-00301-APG-CWH   Document 26-3   Filed 08/30/13   Page 4 of 6
Case 2:13-cr-00301-APG-CWH   Document 1   Filed 07/29/13   Page 3 of 5

*Exhibit*  

3.      Through the course of these investigations, I have personally interviewed confidential sources and other persons involved in the distribution of illegal narcotics. I have also interviewed persons arrested for the distribution of illegal narcotics. I have spoken with more experienced narcotics investigators with whom I have worked concerning the practices of narcotics traffickers and the best investigative methods to use when conducting investigations of narcotics trafficking organizations. Through the course of my investigations and through my conversations with more experienced narcotics investigators, I have become familiar with the methods and means utilized by persons who participate in the illegal distribution of controlled substances.

4.      The following is based on my own investigation or was provided to me by other law enforcement officers.

5.      I have not included every fact known to me concerning this offense. I have set forth only the facts that I believe are essential to establish the necessary foundation for this complaint.

6.      On July 27, 2013, at approximately 9:15 p.m., LVMPD Detective Todd Robichaud, who is assigned to the Southern Nevada Drug Interdiction Task Force, was monitoring traffic on northbound I-15 near mile marker 56. Detective Robichaud observed a red, 2007 Chevrolet Tahoe, bearing Kansas license plate 044EHQ, registered to Paul Edward DAVIS at 1400 Southwest Sixth Avenue in Topeka, Kansas 66606, traveling northbound at approximately 80 miles per hour in a 75 mile per hour zone. Detective Robichaud paced the red Chevrolet Tahoe at 80 miles per hour for approximately three miles.

7.      At the behest of Detective Robichaud, who was traveling in an unmarked vehicle, NHP Trooper Angel Brosnahan initiated a traffic stop on the red Tahoe by activating her emergency lights/equipment in the area of mile marker 70. Prior to stopping the Tahoe, Trooper Brosnahan confirmed via radar that it was traveling at 78 miles per hour.

3

*Exhibit C* ① ⑩

**Kansas.gov: the Official Web site of the State of Kansas**



**Kansas Motor Vehicle Records**

A partnership of the
KANSAS DEPT. OF MOTOR VEHICLES
& INFORMATION NETWORK
of KANSAS, INC.

| MVR LTD Search | Driving Record Codes 126 KB PDF | Helpful Hints | Contact Info | KDMV Web site | Kansas Web site |
|---|---|---|---|---|---|

Logout of Session (chris rasmussen)

*for Case No: 2:13-CR-00301-CWH-APG*

## Motor Vehicle Record Search Results

**WARNING: If you select ANY of the links on this page or hit refresh you will not be able to return to this record without paying again!**

### Certificate of Acceptable Use Information:

Name: chris rasmussen

Title: attorney

Organization: rasmussen & kang llc

Address: 330 s. third suite 1010
las vegas, NV 89101

Phone: 702464-6007

Email: chris@rasmussenkang.com

Section I: **B** - I have written consent from the individual to whom the requested information pertains, to obtain records on their behalf.

### Drivers License search on:

Name: Paul Davis

Date of Birth: 06/13/1965

DL Number: K00792198

Print This Page

### *** Opt Out Record ***

```
DAVIS PAUL E                          DOB/06131965      VALID DL# K00792198
SEX/M EYE/BRO HGT/606 WGT/265 IMG/P                     OLD DL# C6P9G7
STATUS: REG:VALID KANSAS    CDL:VALID KANSAS     SOC/
OLN/K00792198 TYPE/COMMERCIAL    CLASS/      CDLCLASS/A     PREV OLN/C6P9G7
ENDOR/      ISS/07022013 EXP/06132018 RENEWAL/04092013 OIS/06131991
1400 SW 6TH AVE
APT 1
```

Exhibit C @ 11

```
TOPEKA          KS  66606
RSTR:B  :CORRECTIVE LENSES                        :
CAT:1 CODE:NI STATUS:N EXAM:00000000 ISSUE:07232012 EXPIRE:07232014
SPE EFF:00000000 SPE EXP:00000000 WVR EFF:00000000 WVR EXP:00000000 JRS:MO
SPC:CH EX NMB:CE006720         MED RES:1     TEL:3146217929 REG:
LAST NAME:Tso                                SFX:
FIRST:Michael                        MID:
SUS/RR2:FAIL TO COMPLY WITH CITATION          WD/09172012 ED/00000000 RD/12172012
        WDR ST/    WDR EXT/4   CRT TYP/    CMV IND/   CDL IND/
        HZD MAT/   SPD LMT/    ACT SPD/
```

**Issue another search** or if you are done please **logout of your session (chris rasmussen)**

Go to the 🖨 **Driving Record Codes** 126 **KB** **PDF** document for code explanations.
09/30/2014 12:43 PM CDT

© 2014 Kansas.gov    |    Portal Policies    |    Help Center    |    Contact Us    |    About Us    |    Site Map

For Case No: 2:13-CR-00301-CWH-APG



**JM STAFFING LLC**
1100 SW 17th St.
TOPEKA, KS 66604

**FIRST NATIONAL BANK**
of Wamego

CHECK NUMBER   113072

DATE   7/29/2013

$   421.30

**PAY**

THE SUM OF EXACTLY FOUR HUNDRED TWENTY-ONE AND 30 / 100 DOLLARS   **VOID 60 DAYS AFTER DATE OF ISSUE**

TO THE
ORDER
OF

DAVIS, PAUL
1400 SW 6TH APT #1
Topeka, KS 66606

MP

⑈"113072"⑈ ⑈:101102852:⑈ ⑈"1374753"⑈

---

DAVIS, PAUL            DAV591   XXXXX**-9591     Single  7          Check #:   113072   113072
Period:   7/21/2013 to 7/27/2013                                                            7/29/2013

| | CUR---Hours---YTD | | CUR---Pay---YTD | | **Other Pay, Additions and Deductions Analysis** | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | CUR | YTD | | | |
| Regular | 38.33 | 207.85 | 459.96 | 2,797.50 | Advances | 0.00 | 0.00 | | | |
| Overtime | 0.00 | 22.40 | 0.00 | 375.64 | *Bonus | 0.00 | 0.00 | | | |
| Doubletime | 0.00 | 0.00 | 0.00 | 0.00 | *Commisions | 0.00 | 0.00 | | | |
| Total Hourly | 38.33 | 230.25 | 459.96 | 3,173.14 | Tools/Equip | 0.00 | 0.00 | | CUR | YTD |
| | Other Pay* | | 0.00 | 0.00 | EIC | 0.00 | 0.00 | Check Stop Pay Fee | 0.00 | 0.00 |
| | Gross Pay | | 459.96 | 3,173.14 | Transportation | 0.00 | 0.00 | Reimbursed Expens | 0.00 | 0.00 |
| | Other Adds and Deds | | 0.00 | 17.00 | Garnishments | 0.00 | 0.00 | *STAFF SALARIE! | 0.00 | 0.00 |
| | Total Taxes | | (38.66) | (351.18) | Health Ins.(Sec.12 | 0.00 | 0.00 | Deduction Not Set | 0.00 | 0.00 |
| | Net Pay | | 421.30 | 2,838.96 | Ipay Cash Card | 0.00 | 0.00 | Deduction Not Set I | 0.00 | 0.00 |
| | **Tax Analysis** | | Current | YTD | Garnish/ChildSup; | 0.00 | 0.00 | Wage Ex From Tax | 0.00 | 0.00 |
| | Federal | | 0.00 | (68.31) | 401 K | 0.00 | 0.00 | Deduction Not Set I | 0.00 | 0.00 |
| | State | | 3.48 | (40.13) | Drug Screens | 0.00 | 0.00 | Deduction Not Set I | 0.00 | 0.00 |
| | Social Security | | 28.51 | (196.73) | Mileage | 0.00 | 17.00 | Deduction Not Set I | 0.00 | 0.00 |
| | Medicare | | 6.67 | (46.01) | FED LEVY | 0.00 | 0.00 | Deduction Not Set I | 0.00 | 0.00 |
| | Local | | $0.00 | $0.00 | *WORKER UNDI | 0.00 | 0.00 | | | |
| | Total Taxes | | 38.66 | (351.18) | Per Diem | 0.00 | 0.00 | Total Adds and Deds | 0.00 | 17.00 |

Cust: KOCHCA  38.33 Reg at 12.00

for Case #2:13-CR-301-CWH-APG

Exhibit D

**JMS STAFFING**

Paul Still has ⑬
a phone & Petty
Cash that Belongs
to our Customer.

1100 SW 17th St. • Topeka, KS 6604        P. 785-861-7151 • F. 785-861-7151

Exhibit Ⓓ
for Case # 2:13 - CR - 301 - CWH - APG

LAW OFFICES OF

# RASMUSSEN & KANG LLC.

330 SOUTH THIRD STREET SUITE 1010 • LAS VEGAS, NEVADA 89101 • Tel: (702) 464-6007 Fax: (702) 464-6009
—————————————————— www.rasmussenkang.com ——————————————————

*for CR No: 2:13-CR-00301-CWH-APG*

*Exhibit (E) 1*

June 27, 2014

Paul Davis

      Re:     Fingerprints & Lab Reports

      Paul:

      I have enclosed the fingerprint report. Your prints were not discovered on the alleged drugs found. Also, the lab report is included. I received your letter calling me a coward, clown, punk ass. I will come out there and we will talk. If you remember we talked about the motions.

1.     Removal of Magistrate- Ruled on
2.     Detention Hearing- I am awaiting your employment records
3.     Moapa Justice Court- I told you that your remedy for their illegal detention was a 1983 Civil Rights Complaint for money damages.

      The judge is not going to give you another lawyer. You and I actually get along fine. I don't take your comments that you write seriously. In fact, we have a pretty friendly relationship. Hopefully, we will have heard from your employer by the time I come out there.

               Sincerely,

               Chris T. Rasmussen, Esq.

*for Case NO: 2:13-CR-00301-CWH-APG*
*Exhibit E 2*  ⑮

| Las Vegas Metropolitan Police Department Forensic Laboratory | Distribution Date: | November 18, 2014 |
|---|---|---|
| | Agency: | LVMPD |
| | Location: | VICE & Narcotics Bureau |
| (Supplemental) Report of Examination | Primary Case #: | 130727-3973 |
| | Incident: | CS-Possession (PCS), TCS, CS-Trafficking CS |
| Latent Prints | Requester: | T. Robichaud |
| | Lab Case #: | 13-03384.4 |
| | Supplemental 1 | |

| Subject(s): | Paul DAVIS (Suspect) |
|---|---|

The following evidence was examined and results are reported below.

### Latent Print Examination

| Lab Item # | Impound Pkg # | Card # | Description | Results and Conclusions |
|---|---|---|---|---|
| Item 8 | 8646 - 1 | L3 | One photograph from "Lab Item #6A: (Impound Item #4A) Large green cellophane wrapped bundle (on side)." | One suitable print(s) marked A:<br>A - The latent print was excluded from the following:<br>    DAVIS, Paul |

### Exemplar Prints

| Name | ID | Description |
|---|---|---|
| DAVIS, Paul | DOB 06/13/1965 | Submitted palm prints in package 12712/1 (Lab Item 9) |

This report was limited to any previously unidentified latent prints.  See the previous report by FS Gouldthorpe, P#8646 dated 04/15/2014 for additional information.

The evidence is returned to secure storage.

Technical Reviewer: Forensic Scientist Kathryn Aoyama P#8025

---This report does not constitute the entire case file.  The case file may be comprised of worksheets, images, analytical data and other documents.---

*Heather Gouldthorpe 8646*

Heather Gouldthorpe, #8646                    11/17/2014
Forensic Scientist II

- END OF REPORT -

*PAUL,*
*AS EXPECTED*
*NO PRINTS.*
*I WILL COME SEE YOU.*
*WORKING ON K9 EXPERT.*
*HE IS SLOW TO GET*
*BACK WITH ME.*

Page 1
LVMPD Forensic Laboratory | 5605 W Badura Ave Suite 120 B | Las Vegas, NV 89118

- Supplemental Report-Released-(18194).pdf

Exhibit(F) 16

| | | |
|---|---|---|
| 03/10/2014 | 84 | REPLY to Response to 62 MOTION to Suppress filed by Paul Edward Davis. (Jackson, Terrence) (Entered: 03/10/2014) |
| 03/10/2014 | 85 | MINUTES OF PROCEEDINGS - Motion Hearing as to Paul Edward Davis held on 3/10/2014 before Magistrate Judge Carl W. Hoffman. Crtrm Administrator: *Donna Smith*; AUSA: *Crane Pomerantz*; Def Counsel: *Terrence Jackson*; Court Reporter/FTR #: *3:29-3:38*; Time of Hearing: *3:29-3:38 PM*; Courtroom: *3C*; Defendant is present. The government is excused from the courtroom at 3:31 PM and the record is sealed. The Court, Mr. Davis and Mr. Jackson confer outside the presence of the government. The government returns to the courtroom at 3:36 PM and the record is unsealed. The 81 Motion for a Civil Suit Packet as to Paul Edward Davis (1) is **denied** as those packages are available at the law library at the Federal Detention Center. The 81 Motion to Withdraw Counsel as to Paul Edward Davis (1) is **deemed withdrawn**. Defendant is remanded to custody. (Copies have been distributed pursuant to the NEF - DES) (Entered: 03/10/2014) |
| 03/13/2014 | 86 | MOTION for Return of Property by Paul Edward Davis. Responses due by 3/30/2014. (Jackson, Terrence) (Entered: 03/13/2014) |
| 03/14/2014 | 87 | RESPONSE to 86 MOTION for Return of Property ; filed by USA as to Paul Edward Davis. Replies due by 3/20/2014. (Craig, Amber) (Entered: 03/14/2014) |
| 03/14/2014 | 88 | ORDER, as to Paul Edward Davis (1), that 86 Motion to Release Personal Property is GRANTED. Signed by Magistrate Judge Carl W. Hoffman on 3/14/14. (Copies have been distributed pursuant to the NEF - MMM) (Entered: 03/14/2014) |
| 03/18/2014 | 89 | MOTION to Change and Appoint Himself as Counsel to Represent Himself by Paul Edward Davis (filed pro se). Motion ripe 3/18/2014. (MMM) (Entered: 03/18/2014) |
| 03/20/2014 | 90 | MINUTES OF PROCEEDINGS - Evidentiary Hearing as to Paul Edward Davis held on 3/20/2014 before Magistrate Judge Carl W. Hoffman. Crtrm Administrator: *Donna Smith*; AUSA: *Amber Craig*; Def Counsel: *Terrence Jackson*; Court Reporter/FTR #: *9:35-12:29*; Time of Hearing: *9:35-12:29 PM*; Courtroom: *3C*; Defendant is present. The Court hears the representations of defense counsel and defendant regarding the 89 Motion to Appoint Counsel as to Paul Edward Davis (1). The Motion is **denied without prejudice**. The Exclusionary Rule is invoked and the Evidentiary Hearing on the Motion to Suppress proceeds. Witnesses: Todd Robichaud, Angelina Brosnahan and Paul Edward Davis are sworn and testify. Government Exhibit 1 is marked and admitted into evidence. Defendant's 62 Motion to Suppress as to Paul Edward Davis (1) **stands submitted**. The Court will issue a Report and Recommendation. Defendant is remanded to custody. (Copies have been distributed pursuant to the NEF - DES) (Entered: 03/20/2014) |
| 03/24/2014 | 91 | MOTION to Change His Counsel and Re-Appoint or Allow Him to Represent Himself Due to Conflict of Interest, by Paul Edward Davis (filed pro se). Motion ripe 3/24/2014. (MMM) (Entered: 03/25/2014) |
| 03/25/2014 | 92 | MOTION to Seal by Paul Edward Davis. Motion ripe 3/25/2014. (Jackson, Terrence) |

*Exhibit G* ①

⑰

1   **CHRIS T. RASMUSSEN, ESQ**.
    Nevada Bar No. 007149
2   **RASMUSSEN & KANG**
    330 S. Third Street, Suite 1010
3   Las Vegas, Nevada 89101
    (702) 464-6007
4   (702) 464-6009 (Fax)
    Attorney for Defendant
5

6                    **UNITED STATES DISTRICT COURT**

7                          **DISTRICT OF NEVADA**

8                                  * * *

9   UNITED STATES OF AMERICA,        )   2:13-cr-00301-APG-CWH
                                     )
10           Plaintiff,              )   **OBJECTIONS**
                                     )   **TO THE MAGISTRATE JUDGE'S**
11   v.                              )   **REPORT AND RECOMMENDATION**
                                     )   **DENYING DEFENDANT DAVIS'**
12   PAUL DAVIS                      )   **MOTION TO SUPPRESS**
                                     )
13           Defendants.            )
    _____)
14

15

16          Defendant Paul Davis ("Davis") objects to the report of findings and

17   recommendations denying her motion to suppress evidence on this issue. (1) That the car

18   stop on July 27, 2013, was impermissible under the Fourth Amendment of the Constitution.

19   **Objection**

20          The magistrate misapplies the facts with the law set forth in *Whren v. United States*,

21   517 U.S. 806 (1996). (Dk 102).

22          The salient facts are in dispute.  On March 20, 2014, an evidentiary hearing was

23   conducted in which two law enforcement officers testified.  (Todd Robichaud, LVMPD and

24   Angelina Brosnahan, NHP).

25          Davis contends that the motor vehicle stop was an unconstitutional pretextual stop

26   outside the bounds of *Whren*.  Brosnahan was directed by Robichaud to make the vehicle

27   stop.  The conversation between the officers were conducted via cell phone. (Tr, Pg. 31,

28   lns 5-6).

    **Standard of Review**

*Exhibit* (6) 

1    The standard of review for a Magistrate Judge's Report and Recommendation on

2  dispositive issues is de novo.  28 U.S.C. § 636(b)(1)(A).

3  **Davis' Vehicle Never Exceeded 75 Miles An Hour Which Is Clearly Depicted On The**

4  **Government's Video**

5    Fortunately for Davis, the entire vehicle stop was video recorded with GPS speed

6  indicators.  Trooper Brosnahan's vehicle is traveling at 75 miles an hour when the video

7  commences.  You can visually see Davis in the outside lane traveling behind a semi-truck.

8  The GPS screen that is provided with the video the government turned over as discovery

9  clearly shows 75 mph when the video starts.  Davis' vehicle stays at the same distance

10 while Brosnahan paces behind.  Brosnahan is at least a quarter mile behind Davis when

11 the video commences.  Brosnahan accelerates to about 80 mph to make up the difference

12 in space.  Brosnahan testifies:

13    Q. And you followed the vehicle for how long before you initiated your lights?

14    A. Probably about a quarter mile or so.

15 (Pg. 69; lns 19-21).

16    The posted speed limit is 75 mph.

17    Q. What was the posted speed limit in the area?

18    A. 75.

19 (Pg. 70; lns. 2-3).

20    A Magistrate's Recommendation takes it as fact that the Davis was traveling in

21 excess of 75 mph.  The government's video clearly demonstrates that Davis was traveling

22 75 mph.  Brosnahan was required to accelerate if she was to close the quarter mile

23 distance that she testified.  Simple physics would require the police vehicle to exceed the

24 pursuing vehicle's speed in order to close a quarter mile gap.  The Magistrate ignores this

25 fact and take the officer's testimony at face value.  Fortunately, we do not need to rely on

26 officer testimony and lay opinion regarding to speed.  We have a video provided by the

27 government that establishes the fact that Davis was unlawfully stopped as he was traveling

28 the speed limit.



Exhibit G3

(19)

**Decision to Search After the Vehicle Stop was Unconstitutional**

The evidentiary hearing set forth that although the vehicle was technically stopped by Brosnahan:

Q.    At some point did someone make a decision to search the Tahoe?

A.    Yes.

Q.    Do you recall who made that decision?

A.    Detective Frampton.

(Tr. Pg. 82, Ins 23-25)[1].

It is unclear who determined whether reasonable suspicion existed.   Officer Brosnahan claims she turned offer her body microphone during the conversations with Davis and other officer, but miraculously remembered to engage the microphone just prior to the Miranda warning. (40:15 Dashcam). Her testimony at the hearing regarding why the audio was not on in the field was:

Q:    Simply an oversight?

A:    Yes.

The testimony of Brosnahan makes it impossible to determine who decided to search and for what reason. The video does indicate what she told, if anything to Detective Frampton on what had transpired to detain Davis.

Brosnahan testified that there was little difference between the smell of fresh marijuana and burnt marijuana. (Tr. Pg. 100, Ins 13-18). Brosnahan testified that it was the smell of marijuana that gave her suspicion, not the fact that a narcotic detective directed her to stop the vehicle. (Tr. Pg. 76, Ins 16-17).

The coupling of Brosnahan's inability to distinguish between fresh or burnt marijuana and the fact that she did not make the decision to search, places her testimony regarding her suspicions of Davis into question.

---

[1]The K9 issues were not subject to the Motion to Suppress, however it is clear from the video that the dog does not alert.  This issue will be brought forth at a later time depending on the decision on this issue.

*Exhibit* 64

20

**Conclusion**

We respectfully request that this Court overturn the Magistrate Judge's Recommendation and Report and grant Davis' Motion to Suppress.


DATED this 12th day of May, 2014.


/s/ Chris T. Rasmussen, Esq.

By:_____

**CHRIS T. RASMUSSEN, ESQ.**
Nevada Bar No. 007149
330 S. Third Street, Suite 1010
Las Vegas, Nevada  89101
(702) 464-6007
(702) 464-6009 (Fax)
Attorney for Defendant

- 4 -

**LAW OFFICES OF**

# RASMUSSEN & KANG LLC. ②

330 SOUTH THIRD STREET SUITE 1010 • LAS VEGAS, NEVADA 89101 • Tel: (702) 464-6007 Fax: (702) 464-6009

www.rasmussenkang.com

*for Case No: 2:13-CR-00301-CWH-APG*

*Exhibit Ⓗ①*

May 19, 2014

Paul Davis

    Re: Case Status

    I received your letter asking for me to excuse myself. The attached Motion was filed. I do appreciate you being honest with me. The court may keep me on as stand by counsel if you represent yourself. I have no control over the court's decisions. If you would like a different stand by counsel, please direct it at the court.

        Sincerely,

        Chris T. Rasmussen, Esq.

**Chris Rasmussen**

| | |
|---|---|
| **From:** | cmecf@nvd.uscourts.gov |
| **Sent:** | Friday, May 23, 2014 10:35 AM |
| **To:** | cmecfhelpdesk@nvd.uscourts.gov |
| **Subject:** | Activity in Case 2:13-cr-00301-APG-CWH USA v. Davis Minute Order Setting Hearing on Motion |

*Exhibit (A)*

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

*Paul,*
*We are on the*
**United States District Court** *same page. I support*
**District of Nevada** *your request to represent*
*yourself.*

**Notice of Electronic Filing**

The following transaction was entered on 5/23/2014 at 10:35 AM PDT and filed on 5/23/2014
**Case Name:** USA v. Davis
**Case Number:** 2:13-cr-00301-APG-CWH
**Filer:**
**Document Number:** 123(No document attached)

*See you June 6 @ 10am.*

*Chris*

**Docket Text:**
**MINUTE ORDER IN CHAMBERS of the Honorable Magistrate Judge Carl W. Hoffman, as to Paul Edward Davis on 5/23/2014.**
**RE: [122] MOTION to Dismiss filed by Paul Edward Davis,**
**[119] MOTION to Withdraw as Attorney *and Conduct Faretta Canvass* by Chris Rasmussen filed by Paul Edward Davis,**
**[110] EX PARTE MOTION filed by Paul Edward Davis -**
**A Hearing on the Motions is set for June 6, 2014, at 10:00 AM in LV Courtroom 3D before Magistrate Judge Carl W. Hoffman.**
**(no image attached) (Copies have been distributed pursuant to the NEF - DES)**

**2:13-cr-00301-APG-CWH-1 Notice has been electronically mailed to:**

Chris T Rasmussen chris@rasmussenkang.com, fszczapa@yahoo.com, mmaston@cox.net, rasmussenkang@gmail.com

Amber M. Craig amber.craig@usdoj.gov, Christie.M.Sequeira@usdoj.gov, Eileen.Alexander@usdoj.gov

*Exhibit (H) 3*

CHRIS T. RASMUSSEN, ESQ.
Nevada Bar. No. 7149
RASMUSSEN & KANG, LLC.
330 South Third Street, Suite 1010
Las Vegas, Nevada 89101
(702) 464-6007
(702) 464-6009 (Fax)
Attorney for Defendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:13-CR-00301-APG-CWH |
| Plaintiff, | ) | **DAVIS' MOTION TO PROCEED PRO SE** |
| | ) | **[PRO SE MOTION ATTACHED]** |
| v. | ) | |
| PAUL DAVIS, | ) | |
| Defendant. | ) | |

PAUL DAVIS by and through his Counsel Chris T. Rasmussen, Esq. submits his Pro Se Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

Davis mailed counsel the attached Motion to Proceed Pro Se with attached exhibits. Davis now appears willing to proceed without counsel. We hereby request that a hearing be held to properly canvass Davis of the pit falls of self representation.

DATED this 4th day of August, 2014.

/s/ Chris T. Rasmussen

CHRIS T. RASMUSSEN, ESQ.
Nevada Bar. No. 7149
RASMUSSEN & KANG, LLC.
330 South Third Street, Suite 1010
Las Vegas, Nevada 89101

**LAW OFFICES OF**

# RASMUSSEN & KANG LLC. 24

330 SOUTH THIRD STREET SUITE 1010 • LAS VEGAS, NEVADA 89101 • Tel: (702) 464-6007 Fax: (702) 464-6009

www.rasmussenkang.com

*for case No: 2:13-CR-00301-CWH-APG*
*Exhibit (H)(4)*

March 5, 2015

Paul Davis

    **Re:**    **United States v. Davis**

    Paul:

    Here is your PSR. Please review and send me the number of the paragraphs you want me to object. Also, you will get your transcripts after sentencing. You cannot file your Notice of Appeal until after sentencing. Additionally, I intend to ask the court to remove me as your counsel. I have also joined in your motion to withdraw prior to sentencing. The court has not addressed that motion.

    Thanks,

    Chris T. Rasmussen, Esq.

# United States District Court
## District of Nevada (Las Vegas)
### CRIMINAL DOCKET FOR CASE #: 2:13-cr-00301-APG-CWH All Defendants

*Exhibit (H)*

Case title: USA v. Davis                                    Date Filed: 08/06/2013
Magistrate judge case number: 2:13-mj-00563-CWH

---

Assigned to: Judge Andrew P. Gordon
Referred to: Magistrate Judge Carl W.
Hoffman

**Defendant (1)**

**Paul Edward Davis**                    represented by **Chris T Rasmussen**
                                              Rasmussen & Kang LLC.
                                              330 S Third St., Ste. 1010
                                              Las Vegas, NV 89101-
                                              702-464-6007
                                              Fax: 702-464-6009
                                              Email: chris@rasmussenkang.com
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*
                                              Designation: CJA Appointment

*PAUL,*
*HERE IS COPY OF FRCP*
*5.1C.*
*YOU WERE BROUGHT FOR INITIAL*
*APPEARANCE TIMELY AND*
*INDICTED ~~TWO~~ DAYS LATER.*

*~~I JUST~~*
*~~H2O~~ I WILL FORWARD*
*OBJECTION TO SUPPRESSION*
*FORTH WITH.*

*CHRIS*

                                              **Bret O Whipple**
                                              Bret Whipple, Law Office of
                                              1100 S. 10th Street
                                              Las Vegas, NV 89104
                                              702 257-9500
                                              Fax: 702 974-4008
                                              Email: admin@justice-law-center.com
                                              *TERMINATED: 12/20/2013*
                                              Designation: CJA Appointment

                                              **Elisa Vasquez**
                                              Federal Public Defender
                                              411 E. Bonneville Ave.
                                              Las Vegas, NV 89101
                                              702-388-6577
                                              Fax: 702-388-5819
                                              Email: ecf_vegas@fd.org
                                              *TERMINATED: 08/05/2013*
                                              Designation: FPD

For CR NO. 2:13-CR-00301-GMN-APG

Exhibit # 6

26

**Raquel Lazo**
Federal Public Defender
411 E. Bonneville Ave.
Las Vegas, NV 89101
702-388-6577
Email: Raquel_Lazo@fd.org
*TERMINATED: 08/30/2013*
*Designation: FPD*

**Richard F Boulware**
Federal Public Defender
411 E. Bonneville
Las Vegas, NV 89101
702-388-6577
Email: Richard_Boulware@fd.org
*TERMINATED: 09/13/2013*
*Designation: FPD*

**Shari L. Kaufman**
Federal Public Defender
411 E Bonneville
Suite 250
Las Vegas, NV 89101-
Email: Shari_Kaufman@fd.org
*TERMINATED: 09/13/2013*
*Designation: FPD*

**Terrence M Jackson**
Law Office of Terrence M. Jackson
624 South Ninth Street
Las Vegas, NV 89101
(702)386-0001
Fax: (702)386-0085
Email: Terry.Jackson.Esq@gmail.com
*TERMINATED: 04/30/2014*
*Designation: CJA Appointment*

**Pending Counts**

21:841(a)(1) and (b)(1)(A)(viii) -
Possession of a Controlled Substance with
Intent to Distribute
(1)

21:841(a)(1) and (b)(1)(C) - Possession of

**Disposition**

Case 2:13-cr-00301-APG-CWH   Document 272   Filed 06/11/15   Page 27 of 36
Case 2:13-cr-00301-APG-CWH   Document 11   Filed 10/30/14   Page 4 of 8

㉗

AO 245B (Rev. 8/96) - Imprisonment

| | | |
|---|---|---|
| DEFENDANT: | PAUL EDWARD DAVIS | Judgment - Page 3 of 8 |
| CASE NUMBER: | 5:99CR40091-001 | |

*for case No: 2:13-CR-00301-CWH-APG*

## IMPRISONMENT    *Exhibit (I)①*

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 210 months.

Counts 1 through 5:   210 months on each count, all counts to be served concurrently

[x]    The Court makes the following recommendations to the Bureau of Prisons:

The Court recommends designation to a facility far away from the state of Kansas.

[x]    The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district.

[ ] at _____ on _____ .

[ ] as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

[ ] before ____ on _____

[ ] as notified by the United States Marshal.

[ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By _____

Deputy U.S.  Marshal

AO 245B (Rev. 8/96) - Supervised Release

| DEFENDANT: | PAUL EDWARD DAVIS | Judgment - Page 4 of 8 |
| CASE NUMBER: | 5:99CR40091-001 | |

*for Case No: 2:13-CR-00301-CWH-APG*

## SUPERVISED RELEASE

*Exhibit E 2*

Upon release from imprisonment, the defendant shall be on supervised release for a term of _10 years_

Counts 1 and 2:        6 years supervised release
Counts 3 and 4:        8 years supervised release
Count 5:               10 years supervised release all to be served concurrently

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[ ]        The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[x]        The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check if applicable).

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments page of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;
2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)    the defendant shall support his or her dependents and meet other family responsibilities;
5)    the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)    the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)    the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

 

Judge Mahan sentenced him to Sixty Months (60) Consecutive with the Sentence in this case.

## II.  FACTUAL BACKGROUND

Paul Davis was stopped by law enforcement Northbound on Interstate 15.  The Nevada Highway Patrol Trooper testified that Davis was speeding, however the dash mounted camera video disputes her claim.

Davis had been stopped by the same task force the night before Southbound on Interstate 15.  The task force utilized a K9 to sniff the exterior of Davis' vehicle.  There was no alert from the K9.

The video that was utilized throughout the second vehicle stop also recorded audio through a body microphone of the Trooper.  The Trooper was able to engage and disengage the audio at the touch of a button.

The audio was never engaged until Davis was informed of his Miranda rights.

Davis testified at trial that he had never saw the large bags in the rear of his vehicle. A fingerprint comparison confirmed that Davis never handled any of the items in the rear of the vehicle.

The case against Davis outlines the conduct of a drug courier, not a Drug Kingpin or actual distributer.  There was not money or substantial assets seized pursuant to the arrest and investigation of Davis.  The facts presented to the jury depicted a man with limited financial means who was transporting narcotics for someone else.  These couriers are paid a few thousand dollars to transport the narcotics.  The neatly packaged bundles that did not contain Davis' fingerprints corroborate the notion that Davis is a transporter/courier and not a distributor or seller of narcotics.  Further, his vehicle when impounded had an odometer reading of 141,735 miles.  This equals almost 24 thousand miles a year. (Exhibit A).

## III.  GUIDELINE ANALYSIS

The base offense level is 38.  (USSG 2D1.1 Drug Table).

In the PSR, the offense level contained no enhancements and relied solely on the

**Law Offices of the Federal Public Defender**
411 E. Bonneville Avenue, Suite 250
Las Vegas, Nevada 89101

Rene L. Valladares
Federal Public Defender
District of Nevada

Michael J. Kennedy
Chief, Reno Office
Megan C. Hoffman
Chief, Non-Capital Habeas Unit
Michael Pescetta
Chief, Capital Habeas Unit
Shari L. Kaufman
Assistant Chief, Trial Unit

Lori C. Teicher
First Assistant

Tel: 702-388-6577
Fax: 702-388-6261

August 21, 2013

*for case No: 2:13 - CR - 00301 - CWH - APG*
*Exhibit (I) (4)*

Paul Edward Davis
Federal Inmate
Nevada Southern Detention Center
2190 East Mesquite Avenue
Pahrump, NV 89060

Re:   ***United States vs. Davis***
Case No. 2:13-mj-596-GWF

Dear Mr. Davis:

This letter serves to inform you that the **status hearing for Thursday, August 22, 2013 at 3:00 p.m. is VACATED**.

I have enclosed a copy of the Order from the District of Kansas Dismissing the Revocation Proceedings. This is for your review and records.

This letter concludes my representation in this case matter and your file is now closed.

As always, should you have any questions, please feel free to contact our office.

Sincerely,

RAQUEL LAZO,
Assistant Federal Public Defender

Encl.
RL/mb



# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA
      Plaintiff,

    v.

PAUL EDWARD DAVIS
      Defendant.

No. 5:99CR40091-001

*for case No: 2:13-CR-00301-CWH-APG*
*Exhibit (I)(5)*

## ORDER DISMISSING REVOCATION PROCEEDINGS

NOW on this _____16th_____ day of August, 2013 the above entitled matter comes before the Court upon the request of the U.S. Probation Office to dismiss revocation proceedings against Paul E. Davis, which were initiated on August 6, 2013, in relation to violations of supervised release.   The Court, having reviewed the request of the U.S. Probation Office and being fully advised approves dismissing the revocation proceedings at this time.

IT IS THEREFORE ORDERED that the revocation proceedings against Paul E. Davis be dismissed.

_____
HONORABLE JULIE A. ROBINSON
U.S. District Judge

*for Case No. 2:13-CR-00301-CWH-APG*
*Exhibit (i)①*   ㉜

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
### P.O. Box 193939
### 95 Seventh Street
### San Francisco, CA 94119-3939


April 25, 2014


Paul E. Davis
No. 07895-031
Nevada Souther Detention Ctr
2190 E. Mesquite Avenue
Pahrump.NV 89060

Dear Mr. Davis:

This court is in receipt of your letter received April 16, 2014.

This court is unable to assist you since you have no appeal pending in this court. Your action is still pending the U.S. District Court. We are a court of limited jurisdiction which means in order to file a case in this court, you must file a notice of appeal from a final appealable judgment or order from the U.S. District Court.

Therefore, your letter is being returned until your case becomes final in the district court.


Sincerely,

Corina Orozco
Deputy Clerk

(U.S. Courts of the Ninth Circuit)
Date: 4-8-14                                    Case #2:13-CR-301
Complaint Motion                                         CWH-APG

U.S. of America                                          ③③
      vs.
Paul E. Davis        RECEIVED                    motion: Discrimination,
                     MOLLY C. DWYER, CLERK                unlawful incar-
                     U.S. COURT OF APPEALS               ceration.
                       APR 16 2014
                                        Exhibit ①②

                   FILED _____
                   DOCKETED _____  _____
                              DATE          INIT

Brief:
      The Petitioner is requesting for this circuit to investigate the possibi
that he is being Discriminated against and also being held incarcerated
illegally by the District of Nevada, Las Vegas.

Complaint motion:
      The Petitioner is filing this complaint because of the injust events
that have taken place in the District Court of Nevada, Las Vegas,
Despite clear evidence that is in favor of the Petitioner. The Petitioner believes
that the Nevada, Las Vegas District Court is Curupted! Due to the fact that,
the District forces sell-out court appointed Attorney's to railroad Defendants!
No wonder 89 to 91% of this Districts cases are overturned by the higher
Courts. The Petitioner is requesting a thorough investigation of his case by
the Ninth Circuit Court before his case be deemed for trial, He simply
suspect foul play by this District because of appointed Judge's and sell-
out appointed Attorneys that have been forced on the Petitioner, who with-
hold exclusive evidence that is clearly in favor of the Petitioner, Despite
his request to present such evidence.   Case 2:13-CR-301 video evidence is
clearly in favor of the Petitioner, yet the Court of Las Vegas has allowed
the District Attorney and his Court appointed Attorney's to present partial
evidence! Depriving the Petitioner of his just Due. The District Court is also
allowing the Court appointed Attorney's to Deprive Defendant's of Court
responses, so that the Defendant cannot properly appeal or object to appointed
Judge's or District Attorney's responses or objection's, this is Hypocrisy!!! The
Petitioner has numerous complaints on appointed Attorney's that are court
documented! Yet for some reason he's being railroaded! The bottom line
is, this District of Nevada, Las Vegas has Crooked local law's to deprive
Defendant's the proper opportunity to Defend themselves, especially if they (the
Defendant's) have no knowledge of the Law!!! And if they (the Defendant's) do
have knowledge, than the Las Vegas of Nevada District will simply try to
railroad them, by depriving Defendant's their just due process. This
Ninth Circuit need's to seriously look into the crooked, curupted Las
Vegas, Nevada Judicial system.

                                        Paul Davis #07895-031
                                   The Petitioners Original Signature





**U.S. Department of Justice**

*Daniel G. Bogden*
United States Attorney
District of Nevada

*Amber M. Craig*
*Assistant United States Attorney*

*333 Las Vegas Boulevard South*     *Phone (702)388-6336*
*Suite 5000*                        *Fax (702)388-6698*
*Las Vegas, Nevada 89101*

**August 6, 2013**

Raquel Lazo
**Assistant Federal Public Defender**
**411 E. Bonneville Ave., #250**
**Las Vegas, NV 89101**
**Sent via facsimile: 388-6261**

              Re:   *United States v. Paul Edward Davis*
                    *2:13-cr-301-APG-CWH*

Dear Ms. Lazo:   *Exhibit (K)(1)*

        Attached, please find the proposed plea agreement in the above-entitled matter. Please
note that your client has a felony conviction that would allow us to enhance his sentence from a
mandatory minimum of ten (10) years imprisonment, to a mandatory minimum of twenty (20)
years imprisonment, pursuant to Title 21, United States Code, Sections 851 and 841(a)(1) and
(b)(1)(A)(viii). Specifically, on September 1, 2000, your client was convicted of Distribution of
Crack Cocaine, Distribution of Crack Cocaine within 1,000 Feet of a School, and Possession of
Crack Cocaine with Intent to Distribute; in the U.S. District Court for the District of Kansas, in
case number 5:99-cr-40097-JAR. To date, the Government has not filed an Information under
Title 21, United States Code, Section 851. Should the Government file this Information,
punishment for your client's offense may be enhanced to a mandatory minimum of twenty (20)
years. Should your client accept the attached plea offer, the Government will not file the §851
Information.

        Please note that the offense level reflected in the plea agreement is calculated based upon
the readily provable amount of controlled substance, due to the fact that the lab results are
pending. If your client agrees to the proposed plea agreement, the Government will not
recommend that the Court use the actual drug quantities once the lab results are completed.
Once the lab results are completed, the actual drug quantity and quality could cause your client's
base offense level to increase.

        If your client rejects the proposed plea offer, the Government reserves its right to pursue
any and all viable charges and enhancements against your client, which could result in an
increase to his offense level.

If the proposed plea agreement looks acceptable to your client, please sign and return it to me for filing with the court. If you have any questions or wish to discuss the offer, please contact me at 388-6271.

*for Case No: 2:13-CR-00301-CWH-APG      (35)*
*Exhibit B②*

Sincerely,

Amber M. Craig

Amber M. Craig
Assistant U.S. Attorney

DATE: 5- -15    United States Court of Appeals
for the Ninth Circuit    (36)

U.S.    Certificate of Service    for Case No:
2:13-CR-00301-CWH-APG
vs.

PAUL E. DAVIS

I certify that a copy of these proceeds was
sent to:  On _may 12th_, 2015 .

Amber Graig
Assistant U.S. Attorney
333 Las Vegas Blvd. So. # 5000
Las Vegas, NV. 89101

R E C E I V E D
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAY 1 8 2015

FILED _____
DOCKETED _____  _____
DATE    INITIAL

Paul E. Davis
_Appellants Original Signature_