# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>PAUL DAVIS,<br><br>Defendant | Case No.: 2:13-cr-00301-APG-PAL<br><br>**Order (1) Granting Request for Court Response, (2) Denying Motion to Vacate, Set Aside, or Correct Sentence, and (3) Denying Certificate of Appealability**<br><br>[ECF Nos. 291, 296] |

Defendant Paul Davis moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He claims ineffective assistance of counsel, improper admission of evidence, and an inappropriate criminal sentence. ECF No. 291. The government filed a response, to which Davis replied. ECF Nos. 294, 295. Davis subsequently requested a response from the court. ECF 296.

I grant Davis's request for a response but deny his § 2255 motion. He fails to provide sufficient facts to establish ineffective assistance of counsel; his claims regarding the improper admission of evidence were fully adjudicated on appeal and are therefore procedurally barred by the successive argument rule; and the grounds for his claim of improper sentencing are either procedurally barred or are based on an incorrect understanding of the sentencing guidelines. I also deny Davis a certificate of appealability.

## I. LEGAL STANDARD

Federal prisoners may file a § 2255 motion to "vacate, set aside or correct" a criminal sentence that "was imposed in violation of the Constitution or laws of the United States" or "was in excess of the maximum authorized by law . . . ." 28 U.S.C. § 2255(a). The movant must show that "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) (quotation omitted). Establishing that a mistake was made is not

enough. *Hamilton v. United States*, 67 F.3d 761, 763-64 (9th Cir. 1995) (holding that a § 2255 challenge can be based only on claims of lack of jurisdiction, constitutional error, an error resulting in a "complete miscarriage of justice," or "a proceeding inconsistent with the rudimentary demands of fair procedure" (quotation omitted)).

## II. DISCUSSION

### A. Background

Davis was found guilty of possession with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine (in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(A)(viii)) and possession with intent to distribute 36,380 grams of marijuana (in violation of 21 U.S.C. §§ (a)(1) and (b)(1)(C)). He was sentenced to 365 months' imprisonment. Davis appealed on the grounds that (1) there was no probable cause to stop his vehicle, (2) there was no probable cause to search his vehicle, (3) a mistrial should have been declared due to the potentially prejudicial testimony regarding his prior criminal history, (4) a previous drug courier profile was improperly used as evidence, and (5) the sentence was substantively unreasonable. The Ninth Circuit upheld Davis's conviction and sentence, and he petitioned the Supreme Court of the United States for a writ of certiorari. That petition was rejected for failing to comply with court rules.

Davis now moves to vacate, set aside, or correct his conviction and sentence under § 2255. ECF No. 291. He appears to posit three claims for relief:[1] (1) he was provided with ineffective assistance of counsel, (2) I improperly allowed illegally obtained evidence to be presented at trial, (3) and his sentence is unreasonable. The government responds that Davis's

---

[1] Mr. Davis's motion is difficult to follow, at times raising four claims and at other times raising seven claims. His arguments and evidence often relate to each other, necessitating some reorganization.

2

claim for ineffective counsel fails on the merits and that his remaining claims are either procedurally barred, based on incorrect facts, or do not meet the substantive legal standard of unconstitutionality required by § 2255. ECF No. 294.

**B. Ineffective Assistance of Counsel**

In claiming ineffective assistance of counsel, Davis makes numerous arguments: (1) the government admitted that certain evidence was submitted in error but one of his attorneys intentionally failed to bring up the error at the suppression hearing; (2) one of his attorneys withheld from Davis the fact that certain evidence was admitted in error; (3) two of his attorneys intentionally withheld from Davis video of the vehicle stop; (4) two or more of his attorneys failed to raise a contradiction between police officer testimony offered in the criminal complaint and testimony at trial, (5) one of his attorneys failed to submit Davis's driving record as evidence; (6) one of his attorneys failed to present a dog expert in Davis's defense; (7) and all of his attorneys were assisting the government at the expense of adequately representing Davis. In addressing these arguments generally,[2] the government responds that Davis is either mistaken regarding the circumstances surrounding his contentions or fails to support them with sufficient facts to meet the requirements for relief under § 2255.

To prevail on a claim of ineffective assistance of counsel, Davis must show deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, he must show that his "counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (citations and quotations omitted). "The proper standard for judging attorney

---

[2] As it is not always clear what Davis's claims are, the government does not address each of them individually, but its general responses to his claims of ineffective counsel are broadly applicable.

3

performance is that of reasonably effective assistance, considering all the circumstances. When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland* 466 U.S. at 669. This standard "is a most deferential one" because "the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge." *Harrington*, 562 U.S. 105.

Second, he must show and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," where "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "The assessment of prejudice should proceed on the assumption that the decisionmaker is reasonably, conscientiously, and impartially applying the standards that govern the decision." *Id.* at 695.

In regard to Davis's first two arguments, which relate to how his attorneys treated evidence that was purportedly admitted in error, it appears that he misread the government's answering brief on appeal. In that brief, the government references a Ninth Circuit case in support of its argument that even if Davis's Kansas conviction was introduced in error, the rest of the evidence was sufficient to establish guilt.[3] Davis mistakenly understands this alternative argument as an admission of error. *See* ECF No. 294 at 10. Because there was no error in

---

[3] The government's reply brief on appeal reads in part: "Irrespective of [Davis's] Kansas conviction, therefore, the other trial evidence overwhelmingly demonstrated Davis's guilt. *See, e.g., United States v. Hernandez-Miranda*, 601 F.2d 1104, 1109 (9th Cir. 1979) ("Although the admission of evidence was error, we do not believe [it] was prejudicial. All of this evidence, and the inference which the Government sought to draw from it, created a strong, if not overwhelming, case against Miranda."). This is not indicative of an error in Davis's case.

4

Davis's case, there are no grounds for ineffective assistance of counsel for failing to raise the error at trial or on appeal, or for failing to inform Davis of any such error.

In his third, fourth, fifth, and sixth arguments, Davis claims that his attorneys made decisions regarding evidence that prevented Davis from adequately disputing the stop and search of his vehicle. Specifically, Davis claims that his attorneys actively withheld video footage of the traffic stop from him,[4] failed to highlight inconsistencies in the testimony of Officer Brosnahan regarding the use of a radar gun, failed to introduce his driving record into evidence, and failed to present a dog expert to testify regarding the K-9 search of Davis's car. He submits that if his attorneys would have appropriately dealt with these issues, he would have had more evidence to support his claims that the police lacked probable cause to pull him over and search his car and, as a consequence, the evidence resulting from that stop and search would have been excluded. The government responds by claiming that Davis must have been aware of the video because he referenced it at sentencing. Davis clarifies in his reply that he learned about the video during trial, so knowledge of it at sentencing is not indicative of whether it was withheld from him.

Even taking all of Davis's claims as true, he fails to show that his attorneys committed any actionable errors. Nor has he shown that their decisions had any bearing on the inclusion of the stop and search evidence or the overall outcome of his case. The stop and search questions were thoroughly adjudicated at the pre-trial, trial, and appellate stages. Davis's attorneys were aware of the video, the inconsistent testimony, the driving record, and the potential value of dog-

---

[4] Based on the trial testimony of Officer Brosnahan, this video included footage of Davis's vehicle exceeding the speed limit, the officers pulling him over, the officers checking the car with a K-9 unit, the recovery of narcotics from Davis's car, and his arrest. ECF No. 283 at 8-86.

5

expert testimony. It is not clear from his motion what additional arguments Davis would have raised had he seen the video, disputed the testimony, or included the traffic record or dog expert as evidence.

But even if Davis could show deficient performance, he has not shown how any of those issues would have changed the result of the case. He does not show how any inconsistencies regarding the existence of a radar gun or the inclusion of his driving record would have changed the analysis of whether his traffic stop was illegal when GPS tracking in the video evidence and officer testimony indicated he was speeding. He does not show how a dog expert's testimony would have changed the analysis of whether his search was illegal. And he does not identify what in the video—the contents of which were presented and discussed extensively—would have changed the analysis of either the stop or the search.

In his final argument, Davis alleges that his attorneys were actively assisting the prosecution throughout his criminal adjudication instead of representing his interests as a defendant. He points to a number of the arguments discussed above as proof of this claim and ultimately posits that he would not have been found guilty if he had adequate representation. The government responds that Davis's attorneys argued a colorable case and that Davis offers no proof of collusion.

This is not the first time that Davis has claimed an attorney-client conflict of interest in this case. Magistrate Judge Hoffman previously found "no evidence to suggest that [Davis's attorney] is representing a competing interest, and there is no evidence to suggest that a conflict has affected [his attorney's] performance." ECF No. 174 at 7. Davis has provided no additional evidence to establish a conflict on the part of any of the attorneys who have represented him over the course of this case. Nor has he shown how any conflicts affected his lawyers' performances,

except to suggest that the outcome of his case would have been different. *See Strickland*, 466 U.S. at 692 (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 348, 350 (1980)).

In sum, Davis does not meet the standard for establishing ineffective assistance of counsel under any of the arguments raised in his motion. Where he identifies instances in which his attorneys may have made different strategic decisions regarding the presentation and argumentation of his case, Davis fails to show how the performance was deficient or how those decisions could have plausibly prejudiced the final outcome of the case. I therefore deny Davis's claim for ineffective assistance of counsel.

### C. Improper Admission of Evidence

In arguing that evidence was improperly admitted, Davis makes numerous claims: (1) the police lacked probable cause to stop Davis for speeding, so resulting testimony and evidence should not have been admitted; (2) the police lacked probable cause to search Davis's car, so resulting testimony and evidence should not have been admitted; (3) the court failed to call a mistrial when mistaken, but corrected, testimony indicated that Davis had multiple convictions when the witness was instructed to discuss only one; and (4) the court improperly allowed drug courier profile evidence such as the existence of multiple cellular phones and air fresheners in the car.[5] Davis argues that the exclusion of any of this evidence would have resulted in a different outcome at trial. The government responds that each of these claims was heard on

---

[5] Davis also argues that the Ninth Circuit erred by stating that Davis did not object to the admission of this evidence at his trial, when he claims that he did. ECF No. 291 at 23. Again it appears that Davis misunderstands the record. In discussing Davis's assertion that drug courier profile evidence was admitted as substantive evidence of his guilt, the Ninth Circuit stated that "Davis failed to object to the admission of the evidence at trial." *Id*. at 49 n.1. This comment specifically addresses the drug courier evidence. But based on a review of the documents Davis references, it appears he understands this comment to suggest that the court believed he failed to object to any evidence during trial. *Id*. at 23. Regardless, Davis should have addressed this argument in a motion for re-hearing to the Ninth Circuit or a petition to the Supreme Court.

7

appeal, so they are barred by the successive argument rule.  Alternatively, the government argues that the procedural default rule bars any claims that survive the successive argument rule, as those claims should have been raised on appeal and Davis does not sufficiently show cause or prejudice.

Under the successive argument rule, "[i]ssues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding." *United States v. Currie*, 589 F.2d 993, 995 (9th Cir. 1979).  The Ninth Circuit rejected on direct appeal all the grounds Davis raises here.  ECF 287.  I therefore deny all of Davis's evidence-based grounds for § 2255 relief.

### D. Inappropriate Sentencing

In claiming inappropriate sentencing, Davis makes two arguments: (1) he was sentenced at the high-end of the sentencing guidelines as punishment because he disputed my decisions, and (2) he should be awarded a two-point reduction according to an amendment to the sentencing guidelines made subsequent to his sentencing.  The government argues that the original sentence was appropriate and within the guidelines and that the amendment's two-point reduction does not apply in this case.

Davis raised the first of these claims on appeal, and the Ninth Circuit found that his original sentence "was not the result of an abuse of discretion." ECF 287 at 5.  Because this issue has already been adjudicated on appeal, it is barred by the successive argument rule.[6]

---

[6] Davis also argues that he was inappropriately sentenced to an additional 60 months for a supervised release violation. ECF No. 291 at 20.  While I discussed that release violation sentence during Davis' sentencing in this case (ECF No. 284 at 31), the sentence for supervised release violation was imposed by Judge Mahan in a different case. *United States v. Davis*, Case No. 2:15-cr-00001-JCM-VCF (D. Nev. Feb. 9, 2015).  Davis must file a motion in that case if he wishes to challenge the sentence Judge Mahan imposed.

8

1       Davis next argues that the two-point reduction for non-violent offenders resulting from the Fair Sentencing Act should be applied to his sentence in this case. ECF 287 at 5. The Fair Sentencing Act was a 2010 law that reduced the sentencing disparity between crack cocaine and powder cocaine convictions.  It appears that Davis is referring to the 2014 Drug Guidelines Amendment (often referred to as "drugs minus two") which allows eligible drug-related offenders to ask courts to reduce their sentences. Federal Sentencing Guidelines, Appendix C: Amendment 782 (U.S. Sentencing Comm'n 2016).  This amendment became effective on November 1, 2014—five months before Davis's March 14, 2015 judgment, not after as Davis suggests.  More importantly, Davis was found with 13.14 kilograms of methamphetamine, well in excess of the amount required to qualify for base offense level 38 under both the pre- and post-amendment guidelines (1.5 and 4.5 kilograms, respectively).  I therefore deny all of Davis's sentence-based grounds for § 2255 relief.

**III. CERTIFICATE OF APPEALABILITY**

      To appeal this order, Davis must receive a certificate of appealability from a circuit or district judge. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22-1(a).  To obtain this certificate, Davis "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Reasonable jurists could not debate that Davis has failed to show he is entitled to relief.  I therefore deny him a certificate of appealability.

/ / / /

/ / / /

## IV. CONCLUSION

IT IS THEREFORE ORDERED that the defendant's motion for a response from this court **(ECF No. 296) is GRANTED**.

IT IS FURTHER ORDERED that the defendant's motion under 28 U.S.C. § 2255 **(ECF No. 291) is DENIED**.

IT IS FURTHER ORDERED that the defendant is denied a certificate of appealability.

DATED this 25th day of September, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE