# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>PAUL EDWARD DAVIS,<br><br>Defendant | Case No.: 2:13-cr-00301-APG-CWH<br><br>**Order Denying Motion Summary to Respond**<br><br>[ECF No. 309] |

Defendant Paul Davis moves for relief under Federal Rule of Civil Procedure 60(b) based on "false evidence" and "fraud upon the court." ECF No. 309. Although entitled a motion under Rule 60(b), Davis's motion is a second and successive motion under 28 U.S.C. § 2255. Davis's motion does not fall within the narrow exception of fraud on the federal habeas court that might justify reopening his § 2255 proceeding under Rule 60(b). He has not alleged or shown "an unconscionable plan or scheme which is designed to improperly influence the court in its decision" in the prior habeas proceeding. *United States v. Buenrostro*, 638 F.3d 720, 722-23 (9th Cir. 2011). Instead, he disagrees with the court's evidentiary rulings at trial and his lawyer's strategy. He has not presented anything to suggest that "the judicial machinery [did] not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Id.* (quotation omitted).

To bring a second or successive § 2255 motion, a defendant first "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. §§ 2244, 2255(h). Davis previously moved for § 2255 relief, so he must move for and obtain an order from the Ninth Circuit Court of Appeals authorizing me to consider

/ / / /

his present motion. He has not done so. Accordingly, I cannot consider his present motion and must deny it as an unauthorized second or successive § 2255 motion.

IT IS THEREFORE ORDERED that defendant Paul Davis's motion summary to respond **(ECF No. 309) is DENIED**.

DATED this 1st day of October, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE