UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>PAUL EDWARD DAVIS,<br><br>Defendant | Case No.: 2:13-cr-00301-APG-CWH<br><br>**Order Denying Motion for Compassionate Release and Motion for Appointment of Counsel**<br><br>[ECF Nos. 320, 321] |

Defendant Paul Davis was convicted by a jury of two counts of possession of a controlled substance with intent to distribute. ECF No. 264. He was sentenced to 365 months in custody. His projected release date is in December 2042. He now moves for compassionate release under 18 U.SC. § 3582(c)(1)(A)(i) because he claims to suffer from obesity and other "precarious and debilitating medical conditions," and because of "the significant sentencing disparity between him and other defendant/co-defendants." ECF No. 320 at 1, 5. The United States opposes the request.

A defendant seeking compassionate release must demonstrate that he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). Davis contends he satisfied this requirement by submitting a request for release to the warden at FCI Williamsburg where he is housed. ECF No. 320 at 8. The Government does not contest this, so I presume Davis has exhausted his administrative remedies as required by the statute.

The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i) allows me to reduce a sentence based on "extraordinary and compelling reasons." I also must consider the factors in

18 U.S.C. § 3553(a) "to the extent that they are applicable," and any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission," including the requirement that the defendant "is not a danger to the safety of any other person or to the community." *Id.* (referring to U.S.S.G. § 1B1.13(2)).

No doubt, the Covid-19 virus presents a risk to all incarcerated people. It also presents a risk to citizens who are not incarcerated. The Government disagrees with Davis's claim of morbid obesity, noting that a medical exam revealed a Body Mass Index of 25.91, well below the standard for obesity. *See* ECF No. 331 at 73. Davis complains of other ailments but none of them is an extraordinary or compelling reason to reduce his sentence so significantly. In addition, the Bureau of Prisons (BoP) is taking steps to treat and prevent the spread of the Covid-19 virus, and FCI Williamsburg currently has no open cases. *See* https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last accessed May 26, 2023).

Moreover, Davis has refused to take the Covid vaccine that was offered to him. ECF No. 331 at 169-170. "Judges . . . around the country[] have ruled with consistency that an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances." *United States v. Baeza-Vargas*, 532 F. Supp. 3d 840, 843-44 (D. Ariz. 2021).

Nor has Davis shown that his sentence is in any way disparate from sentences imposed on similarly situated defendants. I considered sentencing disparity when I sentenced Davis, and nothing has changed on that issue since.

But even if Davis's situation could be deemed extraordinary and compelling, I would still deny the motion because he is a danger to the community. 18 U.S.C. § 3553(a); *see also* U.S.S.G. § 1B1.13(2) (court must determine that "[t]he defendant is not a danger to the safety of any other person or to the community"). Davis has a lengthy criminal history including six

felony and eight misdemeanor convictions for drugs, battery, theft, and other crimes. In this case, he was transporting large amounts of methamphetamine and marijuana. And he did that not long after being released from a lengthy prison sentence—and while he was on supervised release—for several other drug offenses. His actions demonstrate that he cannot be trusted to perform well on supervision. Davis offers nothing to show that he has been rehabilitated from his criminal past. He remains a danger to the community.

Davis does not present "extraordinary and compelling" reasons to justify releasing him nearly two decades early. And he is a danger to the community. I therefore deny Davis's motion for compassionate release.

Davis also moved for appointment of counsel. ECF No. 321. Under this court's Amended General Order 2020-06, the Federal Public Defender (FPD) was appointed to represent Davis regarding his motion for compassionate release. The FPD made appearances and filed a notice that it saw no need to supplement Davis's motion. ECF Nos. 322-24. Thus, Davis's motion for appointment of counsel is moot.

I THEREFORE ORDER that defendant Paul Davis's motion for compassionate release **(ECF No. 320) is DENIED.**

I FURTHER ORDER that Davis's motion for appointment of counsel **(ECF No. 321) is DENIED AS MOOT.**

DATED this 26th day of May, 2023.

                                                                        ANDREW P. GORDON
                                                                        UNITED STATES DISTRICT JUDGE