# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>v.<br><br>PAUL EDWARD DAVIS,<br><br>    Defendant | Case No.: 2:13-cr-00301-APG-CWH<br><br>**Order Denying Defendant's Motion to Reduce Sentence**<br><br>[ECF No. 332] |

In 2014, a jury convicted defendant Paul Edward Davis of the unlawful possession of methamphetamine and marijuana with intent to distribute. ECF No. 247.  I sentenced Davis to 365 months of imprisonment. ECF No. 264.  He moves for a sentence reduction under proposed amendments by the United States Sentencing Commission (the Commission), which lower sentencing guideline ranges and can be applied retroactively to previously sentenced defendants. ECF No. 332.  The government opposes the motion, arguing the proposed amendments will not take effect until November 2023. ECF No. 337.  I deny Davis's motion because it is unripe.  And because his motion is unripe, I do not address the 18 U.S.C. § 3553(a) factors or the government's alternative argument of lack of exhaustion.

I have the authority to reduce a sentence of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  On May 1, 2023, the Commission submitted to Congress proposed amendments to the United States Sentencing Guidelines (Guidelines) and official commentary. *Issue for Comment: Retroactivity*, United States Sentencing Commission, at 1,

https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20230405_prelim-IFC.pdf (last visited July 19, 2023). These proposed amendments will become effective on November 1, 2023, unless Congress acts to the contrary. *Id.* at 1-2. Davis argues one of those amendments regarding sentencing enhancements given to a defendant who committed a crime while on probation or parole would reduce his sentence because his criminal history would change from Category III to Category II. ECF No. 332 at 1.

    I deny Davis's motion because it is unripe for review. Davis argues that I should reduce his sentence based on a proposed modification to the guidelines, but Congress may still alter or deny the proposed amendments before November 2023. 28 U.S.C. § 994(p). Even if Congress fails to act, the amendment has no effect until later this year. So I deny his motion.

    I THEREFORE ORDER that defendant Paul Davis's motion for a sentence reduction **(ECF No. 332) is DENIED** without prejudice.

    DATED this 19th day of July, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE