# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>v.<br><br>PAUL EDWARD DAVIS,<br><br>    Defendant | Case No.: 2:13-cr-00301-APG-CWH<br><br>**Order Granting Defendant's Motion to Reduce Sentence**<br><br>[ECF Nos. 343, 348, 350, 353] |

In 2014, a jury convicted defendant Paul Edward Davis of the unlawful possession of methamphetamine and marijuana with intent to distribute. ECF No. 247. I sentenced Davis to 365 months of imprisonment. ECF No. 264. He moves for a sentence reduction under 18 U.S.C. § 3582(c)(2). ECF No. 350. The government opposes the motion, arguing that while Davis qualifies for a discretionary reduction, the relevant factors weigh against granting it. ECF No. 355. I grant Davis's motion and reduce his sentence, but not as much as he requests.

I have the authority to reduce a sentence of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). The Sentencing Commission's Amendment 821 reduced the criminal history points a defendant receives for committing a crime while under another criminal sentence. U.S.S.G. § 4A1.1(e). Under this new guideline, Davis would receive two fewer criminal history points, placing him in history category II instead of III. This reduces the guideline range from 292-365 months to 262-327 months. ECF No. 356.

In deciding whether to reduce a sentence, I must "consider[] the factors set forth in section 3553(a) to the extent that they are applicable" and "the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Sentencing Commission's

policy statement allows for a reduction of a sentence under these circumstances. U.S.S.G. § 1B1.10(a). With regard to the § 3553(a) factors, Davis was convicted of possessing large amounts of marijuana and methamphetamine for distribution. Those are very serious crimes, particularly regarding methamphetamine, which is having a terrible impact on our nation. A lengthy sentence is justified to deter Davis and others from engaging in this behavior. I previously found that Davis is a danger to the public. ECF No. 335 at 2-3. He has a lengthy criminal history including six felony and eight misdemeanor convictions for drugs, battery, theft, and other crimes. He committed these crimes not long after being released from a lengthy prison sentence—and while he was on supervised release—for several other drug offenses. His post-conviction inmate discipline data suggests he has not been rehabilitated from his criminal past. ECF No. 355-1. He remains a danger to the community.

      Nevertheless, even a sentence within the reduced guideline range will keep Davis incarcerated or many more years. Hopefully, with age, he will temper his violent and insolent tendencies and no longer present a risk to the public. A high-end sentence within the new guideline range is appropriate here.[1] I therefore reduce Davis's sentence on count 1 to 327 months. His sentence on count 2 remains the statutory maximum of 240 months. These sentences will continue to run concurrent to each other for an aggregate sentence of 327 months.

      In addition to his pending motion for a sentence reduction, Davis filed three motions requesting that I rule on his prior motions for a sentence reduction. ECF Nos. 343, 348, 353. I

---

[1] In addition, 18 U.S.C. § 3553(b)(1) requires a sentencing judge to impose a sentence within the range called for by the Sentencing Guidelines unless the judge finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." Although 18 U.S.C. § 3582(c) and U.S.S.G. 1B1.10 do not make reference to § 3553(b), I find it instructive.

previously denied Davis's prior motions for a reduction and this order resolves his pending motion for a reduction. Thus, I deny as moot his motions requesting a ruling.

I THEREFORE ORDER that defendant Paul Davis's motion for a sentence reduction **(ECF No. 350) is granted**. Davis's sentence on Count 1 is reduced from 365 months to 327 months. Davis's sentence on Count 2 remains 240 months. These sentences are to run concurrent to each other, for an aggregate sentence of 327 months. Except as otherwise provided, all provisions of the judgment dated May 14, 2015 (ECF No. 264) remain in effect, including the length and conditions of supervised release.

I FURTHER ORDER that Davis's motions requesting a ruling on his prior motions **(ECF Nos. 343, 348, 353) are denied as moot.**

I FURTHER ORDER the clerk of court to enter an Amended Judgment reflecting this revised sentence.

DATED this 3rd day of February, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE